Carmine **D'AGOSTA**, Plaintiff,

v.

**ROYAL NETHERLANDS STEAMSHIP CO., Defendant and Third-Party Plaintiff-Appellee,**

v.

**MAUDE JAMES, INC., Third-Party Defendant-Appellant.**

No. 237, Docket 27156.

United States Court of Appeals Second Circuit.

Argued Feb. 20, 1962.

Decided March 27, 1962.

Alexander, Ash & Schwartz, New York City, of counsel.

Sidney A. Schwartz, New York City (Edward Ash, Hanlon & Dawe, New York City, on the brief), for third party defendant-appellant.

George J. Conway, New York City, for third party plaintiff-appellee.

Before MOORE, FRIENDLY and MARSHALL, Circuit Judges.

LEONARD P. MOORE, Circuit Judge.

Maude James, Inc. (Maude) appeals from a judgment of the district court granting Royal Netherlands Steamship Co. (Royal) recovery over against Maude in a suit for personal injuries brought by Carmine D'Agosta, a longshoreman employed by Maude, wherein D'Agosta recovered a judgment against Royal. D'Agosta was injured in the course of his employment on board one of Royal's ships when he was struck by a boom which buckled during the course of an operation by Maude's employees while they were removing a rain tent from the deck of the ship to the dock. D'Agosta brought his action against Royal, alleging that the accident was caused by the unseaworthy condition of the ship. He claimed that a latent defect in the boom made it unfit for its intended use and that this defect contributed to its buckling. Royal brought a third-party action against Maude claiming that, if it were held liable, its liability would have been brought about by either (1) Maude's primary, active negligence, or (2) by unworkmanlike conduct by Maude's employees which breached an implied warranty of workmanlike service contained in the stevedoring contract. D'Agosta's action which was tried to a jury resulted in a verdict of $17,500. The court, which by agreement of the parties tried the claim over by Royal against Maude, found that Royal was entitled to indemnity because an implied warranty had been breached by the unworkmanlike way in which Maude's employees had attempted to remove the rain tent from the ship.

At the trial, Maude introduced in evidence the following provision of the stevedoring contract:

> The contractor shall have and hold the Royal Netherlands Steamship Company harmless from and against all liability, claims and demands on account of bodily injuries including death, arising out of or in any manner connected with the performance of this contract, whether such injury shall be caused by the negligence of the contractor or the Royal Netherlands Steamship Company up to a limit of $100,000 for each person, and subject to the same limit for each person, $300,000 for each accident involving more than one person, and the contractor shall defend any and all actions based thereon.

Maude contends here, as it did below, that the existence of this express indemnity agreement precludes an action for indemnity on an implied warranty. While admitting that it would be liable to Royal under the express indemnity provision for the amount of D'Agosta's recovery, Maude insists that the judgment of the district court must be reversed because Royal did not allege a cause of action for indemnity under the express agreement.

▇▇▇ We agree with appellant that an action on an implied warranty cannot be maintained in this case because of the existence of the express indemnity provision. Dery v. Wyer, 2d Cir. 1959, 265 F.2d 804; Foster v. Pennsylvania R. Co., 3d Cir. 1953, 201 F.2d 727. However, the evidence in the record would support a finding that Maude is liable to Royal under the express indemnity provision in the contract. The express indemnity clause is in the record and, therefore, is before, and may be considered by, us. Courts should endeavor wherever possible to adjudicate controversies on the merits disclosed by the evidence before them. The fact that the indemnity provision was not pleaded in the third-party complaint does not prevent us from sustaining the judgment on this ground. This is an action in admiralty, American Stevedores, Inc. v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011 (1947). The rules of pleading in admiralty are exceedingly liberal and allow the court to grant appropriate relief even though the case is not properly stated in the pleadings. E. g., E. I. Dupont de Nemours & Co. v. Vance, 19 How. 162, 15 L.Ed. 584 (1856); Archawski v. Hanioti, 350 U.S. 532, 76 S.Ct. 617, 100 L.Ed. 676 (1956); Richfield Oil Corp. v. United States, 9th Cir. 1957, 248 F.2d 217. As the Supreme Court said in E. I. Dupont de Nemours & Co., supra, at 173:

> where, as in this case, the defensive allegation of the respondent makes a complete case for libellant, so that no evidence in support of it is required, and where that case is within the form of action and the prayer of relief, and the process used by the libellant, we think it is not a sufficient reason for refusing relief, that the precise case on which the court think [sic] fit to grant it is not set out in the libel.

Although the parties have concentrated their appellate efforts on express-implied liability dissertations, this diversionary performance should not turn the real question, namely, Royal's right to recover over against Maude, into a mere sideshow. The parties may have some ulterior motive in trying to have this court make a ruling upon artificially framed pleadings but we are interested only in passing upon whether the judgment below was fair and just upon all the law and facts presented to the district court. By this standard we find that the judgment entered below is proper and should be affirmed.

Royal took an appeal from the judgment for D'Agosta, which appeal, however, was abandoned.

Affirmed. No costs on this appeal.