John E. CALHOUN et al., d/b/a Rosendahl Guernsey Farms, et al., Appellants,

v.

Orville FREEMAN, Secretary, United States Department of Agriculture, Appellee.

No. 16834.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 29, 1962.

Decided Feb. 21, 1963.

---

Mr. John B. Carroll, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Robert Reed Gray was on the brief, for appellants. Mr. Laurence A. Short also entered an appearance for appellants.

1. Order No. 27, 7 C.F.R.Pt. 927 (1961 Supp.), now Order No. 2, 7 C.F.R.Pt. 1002 (1962 Rev.).

2. Order No. 4, 7 C.F.R.Pt. 902 (1961 Supp.), now Order No. 1, 7 C.F.R.Pt. 1001 (1962 Rev.).

Mrs. Pauline B. Heller, Attorney, Department of Justice, with whom Mr. William H. Orrick, Jr., Asst. Atty. Gen., at the time the brief was filed, Messrs. David C. Acheson, U. S. Atty., Neil Brooks, Asst. Gen. Counsel, Department of Agriculture, and Alan S. Rosenthal, Attorney, Department of Justice, were on the brief, for appellee.

Before WILBUR K. MILLER, WASHINGTON and BURGER, Circuit Judges.

PER CURIAM.

Plaintiffs-appellants are dairy farmers in upper New York state. They are deemed "producer-handlers" for purposes of the New York-New Jersey area milk marketing order of the Secretary of Agriculture,[1] and process, bottle and distribute about 78% of their milk in that area. Most of the remainder of their milk is sold in its raw state to processors in the Greater Boston Marketing Area—an area also covered by a Federal order.[2] For many years appellants were regarded as "producers" for purposes of the latter order, and were for that reason given in the Boston area the benefits of the so-called "blend" price set by the Market Administrator. Effective September 1, 1960, the Boston order was amended to change its definition of "producer" so as to exclude any dairyman who is a "producer-handler under this or any other Federal order." 25 Fed.Reg. 7839, 8283. Plaintiffs-appellants were consequently excluded from regulation under the Boston order, and no longer could claim the "blend" price for the milk they sold in the Boston area.[3]

Plaintiffs-appellants brought suit in the United States District Court for the District of Columbia, seeking an injunction compelling the Secretary of Agriculture to treat them as "producers" under the Boston order, and to

3. They are thus accorded the same treatment as that given New York producer-handlers under the New York order, and that given Boston producer-handlers under the Boston order.

set aside the challenged amendment to that order. The complaint alleged procedural irregularities in the promulgation of the amendment, and monetary losses to plaintiffs because they could sell their milk in the Boston area only at prices substantially lower than the "blend" price payable to regulated producers.

The District Court granted the Secretary's motion for summary judgment, on the ground that plaintiffs-appellants lacked standing to sue, under our decision in Benson v. Schofield, 98 U.S.App.D.C. 424, 236 F.2d 719 (1956), cert. denied, 352 U.S. 976, 77 S.Ct. 363, 1 L.Ed.2d 324 (1957). We held in that case that under the circumstances there presented a milk producer could not go to the courts in an effort to escape regulation. By like reasoning, under the circumstances now before us, it would seem that a milk producer cannot resort to the courts in an effort to place himself and his vendees under regulation.[4] However, we need not pass on this point, or hold that a milk producer can never sue to obtain the benefits of regulation, because we think that on the record before it the District Court could properly have held that appellants' claims on the merits failed to reveal any basis for granting the injunctive and mandatory relief requested. Cf. Jaffke v. Dunham, 352 U.S. 280, 77 S.Ct. 307, 1 L.Ed.2d 314 (1957).

In this court, plaintiffs-appellants raise two new contentions—that the Secretary has interfered with the free flow of commerce between the states, and that "compensatory payments" are here involved similar to those condemned in Lehigh Valley Cooperative Farmers, Inc. v. United States, 370 U.S. 76, 82 S.Ct. 1168, 8 L.Ed.2d 345 (1962). But these matters were not presented to the District Court, and cannot be resolved by us on the present complaint and the meager record made, even on the very doubtful assumption that plaintiffs-appellants have standing to complain.[5]

Affirmed.

---

4. Stark v. Wickard, 321 U.S. 288, 64 S.Ct. 559, 88 L.Ed. 733 (1944), on which appellants rely, is of little help to them. There, certain producers regulated by the Boston order had a proprietary interest in the Government-administered settlement fund created by their sales, and were held to have standing to challenge unauthorized diversions from the fund. Here, appellants have no such interest in any such fund: their sales are unregulated, and are made on such terms as they are able to negotiate. The proceeds go directly to them, free of control by the Government.

5. In the Lehigh case, the petitioners were handlers, required to make compensatory payments to local farmers when they bought milk outside the region. They exhausted their administrative remedies and then resorted to the courts. Plaintiffs-appellants here are producers, not required to make such payments, though perhaps the making of compensatory payments by their handlers (vendees) to local farmers adversely affects them. The record, however, does not clearly show this.