**STATES STEAMSHIP COMPANY,**
Libelant,

v.

**PORTLAND STEVEDORING COMPANY, Respondent.**

Civ. No. 62-475.

United States District Court
D. Oregon.

Feb. 28, 1963.

Wood, Wood, Tatum, Mosser & Brooke, John R. Brooke, Portland, Or., for libelant.

Phillips, Coughlin, Buell & Phillips, Warren Hastings, Portland, Or., for respondent.

EAST, District Judge.

It seems the respondent agreed to perform stevedoring services on board a vessel owned by the libelant, pursuant to the terms and provisions of a written stevedoring contract dated August 1, 1955.

During the course of the stevedoring work on libelant's vessel, an employee of respondent was injured. Thereafter, the libelant incurred substantial financial loss ($109,574.98) by reason of a claim reduced to judgment by the employee for personal injuries resulting from the respondent's alleged breach of express and implied warranties under the stevedoring contract.

The libelant now seeks indemnity from the respondent and the respondent ex-

cepts to the libelant's allegations that the respondent failed to perform the stevedoring work in a safe, proper, and workmanlike manner, thereby causing the employee's personal injuries. The respondent, in support of its exceptions, urges that the following provision in the contract:

"The stevedoring company agrees to indemnify and hold entirely harmless the company against any claim or action, whatever, which may be made or brought by any workman or employee of the stevedoring company, or any other person or persons, for personal injury or death sustained during the progress of the work on or around the company's vessels, excepting where such injury or death is caused *solely* by the fault of the *ship, its officers,* crew or equipment."—

being an express warranty, precludes any recovery on the theory of a breach of an implied warranty of workmanlike service. Citing D'Agosta v. Royal Netherlands Steamship Co., 2 Cir., 301 F.2d 105. Here it is to be noted that the stevedoring contract provided, *inter alia:*

"Rates and Services: Contractor agrees to perform the following stevedoring services subject to the conditions set forth in Annex 1, hereto attached: * * * (b) Provide all necessary stevedoring labor * * * foremen and such other stevedoring supervision as are needed for the proper and efficient conduct of the work in a reasonably safe manner, * * *."

I would venture the thought that this foregoing indemnity clause is all inclusive of the contractual warranty obligation of the stevedore, whether express or implied, as was the end result in D'Agosta, p. 107(1-3).

In any event, and in the language of Pettus v. Grace Line, Inc., 2 Cir., 305 F.2d 151, 155:

"It (the indemnity clause) does not explicitly disavow the obligations created by the other provisions. In

the absence of an express disclaimer we cannot construe this clause as disavowing the fundamental obligation to provide workmanlike service."

Accordingly, respondent's exceptions should be overruled and dismissed.

It is so ordered.