ITALIA SOCIETA PER AZIONI DI NAVIGAZIONE, Appellant,

v.

OREGON STEVEDORING COMPANY, Inc., Appellee.

No. 17616.

United States Court of Appeals Ninth Circuit.

Sept. 1, 1964.

Erskine Wood, Erskine B. Wood, Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for appellant.

Floyd A. Fredrickson, Gray Fredrickson & Heath, Portland, Or., for appellee.

Krause, Lindsay & Nahstoll, Dennis Lindsay, Garry P. McMurry, Jerard S. Weigler, Portland, Or., for amicus curiæ, Master Contracting Stevedore Ass'n of Pacific Coast, Inc.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge:

This case is before us on remand from the Supreme Court of the United States, 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed.2d 732 (1964).

Appellant, Italia, is the shipowner. Appellee, Oregon, is the stevedoring company which rendered the stevedoring services for Italia.

Prior proceedings in this case are reflected in the following extracts from the decision of the Supreme Court:

"During the course of Oregon's stevedoring operations in Portland, one of its longshoreman employees, Griffith, was injured on the M.S. *Antonio Pacinotti* when a tent rope snapped. The rope, permanently attached to a hatch tent used to protect cargo from rain, was furnished by Oregon pursuant to its obligation to supply ordinary gear necessary for the performance of stevedoring services. The injured longshoreman sued the shipowner in a state court for negligence and unseaworthiness [3] and recovered a judgment against Italia upon a general verdict. Italia satisfied the judgment and thereupon brought this suit in a Federal District Court for indemnity from Oregon. The District Court found that the basis for Griffith's recovery was not negligence on the part of the shipowner but a condition of unseaworthiness created by the rope supplied by Oregon, which was found defective and unfit for its intended use. However, the District Court disallowed indemnity because Italia had failed to prove negligence on the part of the stevedore company, since the defective condition of the rope was not apparent. That court viewed the contractual provision rendering Oregon liable for injuries caused by its negligence as an express disclaimer against an implied warranty of workmanlike service. The Court of Appeals for the Ninth Circuit with one judge dissenting, affirmed, but solely on the ground that a stevedore's implied warranty of workmanlike service is not breached in the absence of a showing of negligence in supplying defective equipment. 310 F.2d 481." (Footnote 3 omitted.) (376 U.S. pp. 317–318, 84 S.Ct. p. 750.)

The issue presented to the Supreme Court was "whether the warranty [implied warranty of workmanlike service] is breached where the stevedore has nonnegligently supplied defective equipment which injured one of its employees during the course of stevedoring operations."

In the course of its opinion the Supreme Court stated at page 320, 84 S. Ct. at page 752:

"We think that the stevedore's implied warranty of workmanlike performance applied in these cases"[1] "is sufficiently broad to include the respondent's [Oregon's] failure to furnish safe equipment pursuant to its contract with the shipowner notwithstanding that the stevedore would not be liable in tort for its conduct.[6]" (Footnote 6 omitted.);

and at page 318, 84 S.Ct. at page 750:

"For the reasons stated below, we have determined that the absence of negligence on the part of a stevedore who furnishes defective equipment is not fatal to the shipowner's claim of indemnity based on the stevedore's implied warranty of workmanlike service."

In concluding its opinion the Supreme Court stated:

"The effect of the express assumption of liability for negligence provision in the contract on the existence of the implied warranty has not been briefed or argued in this Court. Accordingly, the issue remains for the Court of Appeals to decide. The judgment below is reversed and the case remanded for further proceedings consistent with this opinion." (pp. 324–325, 84 S. Ct. p. 754.)

Hence, the only question before us on this remand concerns the effect of the express assumption of liability for negligence provisions in the contract between Italia and Oregon on the existence of the implied warranty.

As stated by the Supreme Court:

"Under the contract between the companies Oregon was to have exclusive rights to and control over the loading and discharge of cargoes aboard Italia's vessels[1] and was to

"1. The contract reads:
"'It is mutually agreed between the parties hereto, that the Stevedoring Company will act as stevedores, and that they will with all possible dispatch, load and/or discharge all cargoes of vessels owned, chartered, controlled, or managed by the Steamship Company at all Columbia and Willamette River ports as directed. And it is agreed that the Steamship Company will grant to the said Stevedoring Company the exclusive rights of handling all such cargoes as before mentioned under the terms of this agreement * * *'.

'furnish all necessary labor and supervision and all ordinary gear for the performance of [these] services, * * * including winch drivers and usual appliances used for stevedoring.' Italia was to furnish and maintain in safe and efficient working condition suitable booms, winches, blocks, steam, lights and so forth. The agreement provided that the stevedoring company would be responsible for damage to the ship, cargo, and for injury or death of any person caused by its negligence, and that the steamship company would be responsible for the injury or death of any person or damage to property arising from its negligence or by reason of failure of the ship's gear and equipment.[2]

"2. Paragraph VIII of the agreement states:
"'The Stevedoring Company will be responsible for damage to the ship and its equipment, and for damage to cargo or loss of cargo overside, and for injury to or death of any person caused by its negligence, provided, however, when such damage occurs to the ship or its equipment, or where such damage or loss occurs to cargo, the ship's officers or other authorized representatives call the same to the attention of the Stevedoring Company at the time of occurrence. The Steamship Company shall be responsible for injury to or death of any person or for any damage to or loss of property arising through the negligence of the Steamship Company or any of its agents or employees, or by reason of the failure of ship's gear and/or equipment.'" 376 U.S. (pp. 316–317, 84 S.Ct. p. 750.)

1. The cases referred to appear on pp. 318, 319 and 320 of the Supreme Court decision.

The District Court found, *inter alia:*

1) There is no evidence outside the written contract itself as to the intent of the parties with respect to construction of the stevedore contract, or with respect to implied obligations under said contract.

2) This stevedoring contract was prepared and drawn up by respondent (Oregon) and presented in a printed form.

It is clear to us that the provision in the contract which provides that "The Steamship Company shall be responsible for injury to or loss of property arising through the negligence of the Steamship Company or any of its agents or employees, or by reason of the failure of ship's gear and/or equipment" cannot be construed to disclaim or negate the existence of the implied warranty of workmanlike service. Under the contract Oregon was required to furnish all ordinary gear, including winch drivers and usual appliances used for stevedoring and the Steamship Company was to furnish suitable booms, winches, blocks, etc. The failure of the "ship's gear and equipment" refers to the gear furnished by the shipowner and not the gear furnished by the stevedore. The hatch tent and rope were stevedore's gear and not ship's gear. The rope, permanently attached to the hatch tent, was furnished by Oregon pursuant to its obligation to supply ordinary gear necessary for the performance of stevedoring services.

To hold that the Steamship Company vis a vis the stevedore agreed to be responsible for failure of the gear furnished by the stevedore would do violence to the express language of the contract.

Oregon contends that the provision of the contract under which Oregon agrees to be responsible "for injury to or death of any person caused by its negligence" negates the existence of the implied-in-fact obligation to perform stevedoring services in a workmanlike manner. We do not agree. The obligation of Oregon to indemnify Italia rests not upon negligence but upon contract. The contract does not expressly negate the existence of the implied-in-fact obligation to perform stevedoring services in a workmanlike manner. See Pettus v. Grace Line, Inc., 305 F.2d 151 (2nd Cir. 1962). Nor do we find any clear expression in the contract that it was the intent of the parties to relieve Oregon of such obligation.

As pointed out by the Supreme Court:

"Oregon, a specialist in stevedoring, was hired to load and unload the petitioner's vessels and to supply the ordinary equipment necessary for these operations. The defective rope which created the condition of unseaworthiness on the vessel and rendered the shipowner liable to the stevedore's employee was supplied by Oregon, and the stevedoring operations in the course of which the longshoreman was injured were in the hands of the employees of Oregon. Not only did the agreement between the shipowner place control of the operations on the Stevedoring Company, but Oregon was also charged under the contract with the supervision of these operations. Although none of these factors affect the shipowner's primary liability to the injured employee of Oregon, since its duty to supply a seaworthy vessel is strict and nondelegable, and extends to those who perform the unloading and loading portion of the ship's work, Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; cf. Pope & Talbot v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143, they demonstrate that Oregon was in a far better position than the shipowner to avoid the accident. The shipowner defers to the qualification of the stevedoring contractor in the selection and use of equipment and relies on the competency of the Stevedoring Company.[9]" (Footnote 9 omitted.)

In these circumstances we are unable to hold that the parties, by the language used in the contract, intended that Oregon should be relieved of all liability to

its longshoremen who might be injured solely as a result of defective equipment furnished by it and under its control.

The decree of the District Court dismissing Italia's libel is set aside and the cause is remanded to the District Court with instructions to enter judgment in favor of Italia and against Oregon for the amount of the indemnity sought.