And it is so ordered.

Giuseppe **DI VITTORIO**, Plaintiff,

v.

**SKILES A/S SILJESTAD**, Defendant and Third-Party Plaintiff,

v.

**PITTSTON STEVEDORING CORPORA-TION**, Third-Party Defendant.

United States District Court
S. D. New York.

Jan. 7, 1965.

Di Costanzo, Klonsky & Sergi, Brooklyn, N. Y., for plaintiff.

Haight, Gardner, Poor & Havens, New York City, for defendant and third-party plaintiff.

Alexander, Ash & Swartz, New York City, for third-party defendant.

CANNELLA, District Judge.

The above entitled action was tried before this court and a jury from October 28 through November 2, 1964. On November 2, 1964, the jury delivered a verdict in favor of the defendant. Prior to submission of the issues to the jury, all questions and claims between the defendant and third-party plaintiff, Skiles A/S Siljestad, (hereinafter Skiles), and the third-party defendant Pittston Stevedoring Corporation (hereinafter Pittston), were reserved to the court. Though it successfully defended the primary action against it by the plaintiff, Skiles now seeks additional relief in the form of its costs, disbursements and attorney's fees incurred in the defense of the primary action. The defendant's requests are granted in their entirety.

The primary action was brought by Giuseppe Di Vittorio, a longshoreman, to recover damages for personal injuries which he sustained on September 19, 1956 while working as a holdman aboard the m/s Leoville. At the time of the plaintiff's injury, the vessel was moored at the State Street Pier in Brooklyn, New York. The plaintiff was in the employ of the third-party defendant at the time of the incident and the aforesaid vessel was owned by the defendant.

Plaintiff alleged that the defendant was negligent in its operation of the vessel and that the vessel was in an unseaworthy condition and that these factors were the proximate cause of his injuries. Upon a finding by this court that the plaintiff had failed to make out a prima facie case as far as the element of negligence was concerned, the only issue submitted to the jury was the alleged unseaworthiness of the vessel. (Defendant's renewed motion to dismiss the negligence count made after all parties had rested, was granted).

Plaintiff claimed that the defendant was negligent in supplying a hatch beam with a latent defect and that for this reason the ship was unseaworthy. The defendant produced an expert witness who stated that if the beam were raised with one lock still closed, the pin would be sheared off and could cause this type of incident.

Although no special findings were made by the jury, it is consistent with the jury's verdict and the court finds as a fact that the proximate cause of the accident was the failure to release the beam lock. Therefore the operating negligence of Pittston constituted a breach of its implied warranty of workmanlike service. Damanti v. A/S Inger, 314 F.2d 395 (2d Cir. 1963).

It is clear that where a plaintiff longshoreman recovers a judgment against a shipowner and the shipowner is entitled to a recovery over against the stevedore, that costs, disbursements and attorney's fees are properly recoverable by the shipowner. Massa v. C.A. Venezuelan Navigacion, 332 F.2d 779 (2d Cir. 1964). Furthermore, even though there is no recovery by the longshoreman in the primary action, should the cause of the accident be determined to lie with the stevedore, the shipowner may recover his

expenses of defense. Guaraccino v. Luckenbach Steamship Co., 333 F.2d 646 (2d Cir. 1964); Massa v. C.A. Venezuelan Navigacion, supra. Operating negligence by the stevedore constitutes a breach of its implied warranty of workmanlike service and where this breach exposes the shipowner to possible liability, the stevedore remains liable for the expense it has put the shipowner to regardless of the outcome of the primary action. It can be safely said that where the credible evidence indicates, as it does in the case at bar, that the proximate cause of the shipowner's monetary loss by reason of its forced defense of an action is the operating negligence of the stevedore, this breach of its warranty subjects it to a claim for costs, disbursements and attorney's fees. Although the third-party defendant disputes the causal relationship between its breach and the defendant's expenses of suit, the position is without merit. One of the necessary resulting consequences flowing from the breach was that the shipowner would be forced to defend an action despite its lack of liability.

 Pittston claims that the defendant had never before raised its instant claim and therefore the request should be dismissed as untimely. However, from a mere reading of the third party complaint, it is clear that the defendant gave notice of and demanded the relief sought here. The defendant did not limit any claim for this relief on the contingency that the plaintiff should recover a verdict. Furthermore, as the court pointed out in Paliaga v. Luckenbach Steamship Co., 301 F.2d 403, 410 (2d Cir. 1962), Rule 54(c) of the Federal Rules of Civil Procedure provides that a final judgment shall grant relief to a party if he is entitled to such relief, even though it was not demanded by the pleadings. The third-party defendant's claim of surprise is totally without foundation.

 The last remaining objection to this relief is that any questions of indemnity between these parties is solely governed by the stevedoring contract entered into between these parties. The contract, third-party defendant's Exhibit A in evidence, has been thoroughly examined by the court. The contract contains certain provisions relating to the relative rights of the parties on the question of damages. However, the contract does not control this claim for no express disclaimer of any implied warranties is present. In the absence of such disclaimer, the implied warranty of workmanlike service remains and governs the defendant's claim. Pettus v. Grace Line, 305 F.2d 151(2d Cir. 1962). It seems clear that the presence of a contract which deals merely in part with indemnity does not negate the implied warranty of workmanlike service. Pettus v. Grace Line, supra; Italia Soc. v. Oregon Stevedoring Co., 336 F.2d 127 (9th Cir. 1964). A different situation would of course arise should there be an express indemnity clause in the contract covering the matter in question. D'Agosta v. Royal Netherlands Steamship Co., 301 F.2d 105(2d Cir. 1962). Nothing contained in the contract here refers to the matter of costs, disbursements and attorney's fees and since Pittston breached its implied warranty of workmanlike service, it is liable to Skiles.

The reasonable value of attorney's fees may be stipulated by the parties if they so desire; if not they will be fixed by the court.

The request of the defendant Skiles is granted and the cross-claim of the third-party defendant Pittston is dismissed.

Settle an order.