**AMERICAN SURETY COMPANY OF NEW YORK, Appellant,**

v.

**Ralph E. COBLENTZ, as Administrator d.b.n. of the Estate of Edward Thomas Coblentz, Deceased, Appellee.**

**No. 23675.**

United States Court of Appeals Fifth Circuit.

July 19, 1967.

---

James E. Tribble, Robert G. Young, Miami, Fla., for appellant.

Larry S. Stewart, Miami, Fla., for appellee.

Before PHILLIPS,* THORNBERRY and DYER, Circuit Judges.

---

* Of the Tenth Circuit, sitting by designation.

1. There were actually two suits simultaneously filed in the state courts by Co-

THORNBERRY, Circuit Judge:

American Surety appeals from a summary judgment entered against it in a garnishment proceeding by which appellee Coblentz seeks to collect a $50,000 state court judgment rendered in his favor against appellant's insured. We reverse.

Appellee Coblentz is the administrator of the estate of a young man fatally shot by one Carbone, a motel proprietor, who was insured by appellant under an "Owner's, Landlord's and Tenant's Liability Policy." Under the bodily injury liability clause ("Coverage A") of the policy, American Surety agreed:

> To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the hazards hereinafter defined.

Under "Conditions," the following provision appears:

> Assault and Battery. Under coverages A and B, assault and battery shall be deemed an accident unless committed by or at the direction of the insured.

The shooting occurred around 5:00 one morning when Carbone [the insured] discovered the deceased loitering around his motel. After arming himself with a revolver, the insured attempted to apprehend the deceased, who fled. The insured gave chase and yelled at him to stop. During the chase, the insured fired five shots, one of which struck the deceased in the back, causing his death.

Coblentz filed suit for wrongful death in the Florida state courts,[1] and Ameri-

blentz. For the sake of simplicity, however, the state proceedings will be referred to in the singular throughout this opinion.

can Surety undertook the defense of the insured under a reservation of rights. The trial resulted in a $70,000 judgment. While appeal from this judgment was pending, Coblentz successfully brought garnishment proceedings against American Surety in the state courts. Before the appeal of the garnishment action could be heard, however, the judgment in the principal case was reversed, Carbone v. Coblentz, Fla.Ct.App.1961, 132 So.2d 629, and consequently the appeal in the garnishment proceedings was dismissed.

Following the reversal by the Florida appellate court, Coblentz filed an amended complaint in the state court. After filing answers to the complaint, American Surety moved for permission to withdraw as counsel for the insured, stating that it did not owe a defense under the terms of the policy. The trial court granted this motion.

The insured, acting through retained counsel, then entered into a stipulation with Coblentz concerning the testimony that would be given by certain witnesses at trial. They also stipulated that $50,000 would be a reasonable assessment of damages. The stipulation concluded:

> any verdicts entered in this cause should not be collectable (*sic*) from any assets of the defendant, Vincent Carbone, other than public liability insurance policies in force at the time of the incident complained of, and that any final judgment entered in this cause should so provide.

The cause was heard by the trial court, sitting without a jury, and judgment was rendered on the basis of the stipulated testimony and oral argument. The court found that the deceased's death was due to the insured's "negligent and careless use of a gun." Damages were set at $50,000 and it was provided that:

> this judgment may only be satisfied from public liability insurance policies in force at the time of the incident complained of and this judgment is not satisfiable from nor be a lien upon any other assets of the defendant.

\* \* \*

On the basis of this judgment, Coblentz instituted in the state court garnishment proceedings against American Surety, which filed a petition for removal to the United States District Court for the Southern District of Florida. Following removal, American Surety answered, alleging that the judgment of the state court was outside of the policy, since the insured's conduct constituted an assault and battery. Following pre-trial proceedings, the district court granted Coblentz's motion for summary judgment. The basis of this determination was the conclusion that the judgment in the state court was binding upon the garnishee.

The insurance policy which is the subject matter of this action undertakes to indemnify the insured for all sums which he shall become legally obligated to pay as damages due to bodily injury or death caused by "accident." Assault and battery is considered an accident under the terms of the policy *unless* "committed by or at the direction of the insured." Thus, the critical issue in the determination of appellant's liability is whether the insured's act of shooting the deceased in fact constituted an "assault and battery" under Florida law. See Consolidated Mut. Ins. Co. v. Ivy Liquors, Inc., Fla. Ct.App.1966, 185 So.2d 187; Roberts v. R & S Liquor Stores, Inc., Fla.Ct.App. 1964, 164 So.2d 533. The court below, by its judgment, concluded that the state court "finding" that the fatal shooting was due to the insured's "negligence" and was therefore an "accident" within the terms of the policy was binding upon appellant and could not be attacked in garnishment proceedings. Appellant merely asks that it be given the opportunity to raise this issue as a defense to garnishment. Both our sense of justice and the case law convinces us that appellant may not properly be precluded from raising this issue and that the summary judgment rendered below must be reversed.

A cursory examination of the proceedings in the state court indicates that the

finding of negligence was not an independent finding arrived at after an analysis of all relevant facts revealed through an adversary proceeding. The finding of negligence was based upon a stipulation of testimony between parties —the representative of the deceased and the insured—both of whom would strongly prefer a finding of negligence rather than intentional tort. No doubt, because of this, the testimony stipulated did not include certain evidence introduced. in the first state trial which most strongly indicated that the insured's action did indeed constitute assault and battery. Having been based upon only a partial presentation of the relevant facts and arising out of a proceeding entirely devoid of any conflicting interests between the litigants on the precise issue, the finding of negligence cannot be viewed as binding in the garnishment proceedings. A contrary holding would leave the parties free to stipulate away the right of an absent insurer to raise a legitimate defense to its liability under the policy.[2] Cf. Travelers Indemnity Co. v. State Farm Mutual Ins. Co., 9th Cir. 1964, 330 F.2d 250, 262.

■ Further support for the appellant's contention is found in a recent decision of a Florida appellate court holding that a finding of negligence in a suit between an injured party and the insured is not binding in garnishment proceedings against the insurer since the question of whether the insured was guilty of assault and battery, as opposed to negligence, is not an issue which can properly be litigated in the case-in-chief. American Fire and Casualty Co. v. Blaine, Fla.Ct.App.1966, 183 So.2d 605. The factual situation in *Blaine* was nearly identical to that in the instant case, the only relevant difference being that in *Blaine* the insurance company defended under a reservation of right rather than withdrawing from the case. The suit by the injured party against the insured resulted in recovery for the plaintiff under a negligence count. When the injured party sought to garnish the insurance company, the insurer raised the defense that the tort which caused plaintiff's injuries was intentional and therefore was excluded from coverage under the insurance policy at issue. The garnishor answered that the negligence—assault and battery issue could not be litigated in the garnishment proceedings since it had been resolved against the insurer in the main trial. The trial court agreed and entered summary judgment for the garnishor. The court of appeals, however, rejected this reasoning and in reversing the summary judgment, stated:

> The appellee contends that all the issues between the insurer and the original defendant were resolved in the main trial, and cites the following authority: [citations omitted]. We do not concur with this view, as the issues raised by the pleadings in garnishment go to the exculpatory provisions in the insurance contract, to wit: whether or not the act that injured the plaintiff was an intentional tort. This was not an issue which could have been adversely determined in the trial court, as it was submitted to the jury and it therefore remained open for subsequent proceedings. [citations omitted] If the issue of intentional tort had been tried in the case in chief or an issue necessarily included within the negligence count submitted to the jury, then the authorities relied on by the appellee would control. However, it is obvious that the carrier could not litigate the issue of intentional tort while de-

2. A resolution of the negligence-assault and battery issue is, in fact, not even relevant to the controversy *between the representative of the deceased and the insured.* The liability of the insured for the death of the deceased is determined merely by a finding that his wrongful conduct caused the death, the characterization of that conduct as either intentional or negligent being unimportant. Thus, a "finding" of negligence cannot be considered as a resolution of the negligence-assault and battery issue. It must rather be viewed merely as a finding that the insured's wrongful conduct did in fact cause the death of the deceased.

fending its insured on a negligence charge. Therefore, the issue could not have been resolved in the earlier proceedings.

Id. at 606. Believing as we do that this reasoning is sound, and finding no indication that the Florida Supreme Court would decide otherwise,[3] we deem the holding in *Blaine* to be controlling in the instant case.[4] The appellee, in attempting to uphold the action of the district court, relies primarily upon Columbia Casualty Co. v. Hare, 1934, 116 Fla. 29, 156 So. 370. This reliance, however, is misplaced. In *Hare*, the insurer refused to defend its insured who was being sued for injuries to plaintiff allegedly caused by the negligent conduct of an employee of the insured. At trial, the insured argued that a person for whom it was not responsible, rather than one of its employees, caused the injuries complained of. This issue was litigated and decided against the insured by the jury. Subsequently, in garnishment proceedings, the insurer sought to raise the same issue to show noncoverage under the policy. The Florida court, however, held that the

question of whose conduct caused the injury could not be relitigated. The withdrawal of the insurer from defense of the insured was found to be wrongful. Thus, it was estopped from raising in garnishment proceedings an issue which it could have raised in the defense of the insured had it not withdrawn. Contrary to the assertions of appellee, this decision clearly cannot be read to preclude the litigation in garnishment proceedings of an issue that could not have been properly litigated in the principal action.

We have carefully considered in the light of applicable Florida law the other arguments raised by appellee and find them to be without merit.

■ Concluding as we do that the negligence-assault and battery issue may properly be litigated in the garnishment proceedings and that therefore the summary judgment granted below was improper, we need not reach the alternative ground for reversal urged by appellant.[5]

Reversed and remanded for further proceedings consistent with this opinion.

3. Case law from other jurisdictions lends support to the view expressed in *Blaine*. See Stout v. Grain Dealers Mutual Ins. Co., 4th Cir. 1962, 307 F.2d 521; Vaksman v. Zurich General Accident and Liab. Ins. Co., 1953, 172 Pa.Super. 588, 94 A. 2d 186.

4. The fact that appellant withdrew from defense of its insured in the state trial does not require a contrary result. As the court held in *Blaine* the insurer could not litigate the issue of intentional tort while defending the insured against a negligence charge. Thus, the insurer's presence in the main suit is irrelevant to the question at hand. Furthermore, the language of *Blaine* strongly indicates the propriety of the appellant's withdrawal in light of the conflict between its interests and those of its insured. See also Stout v. Grain Dealers Mutual Ins. Co., supra note 3.

5. Appellant's alternative contention is that the insured is not "legally obligated" under the state court judgment and that therefore no liability arises under the

terms of the policy. Although this alternative ground for relief could have been raised in the court below by motion for summary judgment, it has been presented for the first time upon appeal. As a general rule, appellate courts will not consider issues raised for the first time on appeal. Glavic v. Beechie, 5th Cir. 1964, 340 F.2d 91; Calhoun v. Freeman, 1963, 114 U.S.App.D.C. 385, 316 F.2d 386. Exception is on occasion made to this rule where the issue tardily presented raises a pure question of law and where a refusal to consider it would result in a miscarriage of justice. Foster v. United States, 2nd Cir. 1964, 329 F.2d 717; Leedom v. International Broth. of Elec. Workers, Local Union No. 108, 1960, 107 U.S.App. D.C. 357, 278 F.2d 237. In the present case, our reversal based upon appellant's initial contention avoids any possible miscarriage of justice and we therefore find it unnecessary to reach the issue not urged below. Appellant, of course, will be free upon remand to present this issue for the consideration of the district court.