Joe G. STRAHAN d/b/a Strahan Drilling
Company and L. T. Murphy,
Appellants,

v.

Frank A. PEDRONI et al., Appellees.

No. 24877.

United States Court of Appeals
Fifth Circuit.

Dec. 12, 1967.

Marion R. Shepard, Jacksonville, Fla.,
for appellant, Mathews, Osborne & Ehr-
lich, Jacksonville, Fla., of counsel.

Robert S. Smith, Jacksonville, Fla., for
appellees, Rogers, Towers, Bailey, Jones
& Gay, Jacksonville, Fla., of counsel.

Before JONES and GODBOLD, Cir-
cuit Judges, and SCOTT, District Judge.

SCOTT, District judge:

Appellees brought suit under the
Federal Securities Act of 1933, 15 U.S.

C.A. § 77a et seq., and under the Florida Sale of Securities Law, Florida Statutes, § 517.01 et seq., F.S.A., for rescission of a written contract whereby appellants agreed to sell certain fractional shares in gas wells to appellees in violation of the registration requirements of these Acts. Jurisdiction over the Federal Act is conferred by the Act itself. The court below properly found jurisdiction over the State Act to be pendent thereto. The lower court, in a non-jury trial, found that appellants were liable under both Acts. Appellees were awarded recovery of the amount paid for these fractional shares, less any earned income. Each appellee was also awarded interest, costs and attorney's fees.

For some 37 years before trial appellant Strahan had been engaged in the oil and gas business. Appellant Murphy had invested from time to time in various gas wells that had been drilled by Strahan. The record reveals, and the trial court found, that Strahan and Murphy joined in a business venture to sell certain fractional shares in various gas wells that had been drilled by Strahan. These shares, which were subsequently sold to appellees, are the subject of this suit.

During the latter part of 1963 Murphy went to Orange Park, Florida, for the purpose of selling these shares. While there he engaged one Carrol Nix to act as agent for Strahan and himself in their selling venture. The sales were made by appellants or their agent, Carrol Nix. Appellants Strahan and Murphy participated in and aided in making each of these sales to appellees. The initial offer to sell, in each instance, was made by appellants in the Middle District of Florida and the shares were delivered in that District. The sales were facilitated by the usage of the United States mails and other means involving interstate commerce.

Under the Securities Act of 1933, 15 U.S.C.A. § 77e, it is unlawful for any person to make use of any means of transportation or communication in interstate commerce or the mails to facilitate the sale of any "security", as defined by the Act. There is a similar prohibition under the Florida law against the sale of securities within the State of Florida, unless such securities are registered with the State Securities Commission. Under the provisions of both Acts, the buyer of an unregistered security may compel the rescission of the contract, rendering the seller liable to him for the purchase price, less the amount of any income received thereon, upon the tender of such security. Appellees have made such a tender. The purchaser is also entitled to recover his legal interest and costs. The Florida law also provides, in addition, for the recovery of attorney's fees to the purchaser's attorney.

It was stipulated by the parties at trial that the fractional shares in question constituted securities within the meaning of both the Federal and State Acts, and that these securities were unregistered at the time of sale. However, appellants claim a statutory exemption to the registration requirements of these Acts.

We find the defenses under the two Acts to be without merit, and hold that appellants have violated the registration provisions of both Acts.

Under Section 77d(1) of the Federal Act, the provision requiring registration of securities does not apply to transactions which do not involve a public offering. It is the contention of appellants that their offer to sell was open only to Carrol Nix and a small group of friends, thereby relegating it to the status of a private offering.

In holding that the "public offering" exception did not apply, the trial court in its finding of facts said: "The defendants, individually and through their agent Carrol Nix, never placed any restrictions upon the type of persons or number of persons to whom the offer might be extended to purchase a fractional interest or interests * * * The offer to sell such fractional interests was, in fact, intended by defendants to be open to any person having the required purchase price. In addition to the plaintiffs, other persons received from defend-

ants or their agents the offer to sell to said persons fractional interests in the gas leases * * * " A careful examination of the record shows the quoted findings to be supported by competent substantial evidence.

Even though the Federal Act does not prescribe any rule for determining whether a given transaction involves a "public offering", it would appear that the number, amount and manner of the offering are distinctly relevant, and the general criterion is whether the particular persons affected stand in need of the protection of the Act. These things must be proved affirmatively by the defense before the "public offering" exception becomes operative. Garfield v. Strain, 320 F.2d 116 (10th Cir. 1963). The record does not show any evidence to support this defense and the trial court's findings convincingly disclose that appellants have failed to prove any defense to the registration requirements of the Federal Act by virtue of the "public offering" exception.

In Counts VI and X of the complaint, it was asserted that appellants violated Section 77l(2) of the Federal Act, in that Murphy made certain misrepresentations of material fact to appellees Nelson and Belyea in order to induce them to purchase shares from appellants. Murphy told Nelson and Belyea that they could expect a return on their investment within 90 days, and that this return would be $100.00 a month. The record shows that the trial court properly found this to be a material misrepresentation within the meaning of Section 77l(2). The statements were false, and were relied upon by these appellees who had no reasonable basis for discovering their falsity.

Since we have already found these sales to constitute a violation of the registration requirements of the Florida law, for which the identical remedy is available, the result would be the same even if there had been no misrepresentations made.

As a defense to the Florida state securities law, appellants attempted to raise the "isolated sale" exemption of Section 517.06(3). However, we do not reach the merits of this defense, since it was waived by the failure of appellants to raise it prior to this appeal. American Surety Co. of N. Y. v. Coblentz, 381 F.2d 185 (5th Cir. 1967); Glavic v. Beechie, 340 F.2d 91 (5th Cir. 1964); Calhoun v. Freeman, 114 U.S.App.D.C. 385, 316 F.2d 386 (1963).

Accordingly, the judgment is affirmed.

Affirmed.