**Lawrence Doyle CONKLIN, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

No. 28099

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 20, 1970.

Before THORNBERRY, CARSWELL and CLARK, Circuit Judges.

**PER CURIAM:**

█ This appeal is taken from an order of the district court denying the contrived but resourcefully attention-getting petition of a Florida convict for an injunction pursuant to 28 U.S.C.A. § 1343 and 42 U.S.C.A. § 1983. We affirm.[1]

█ On four and one-half feet of toilet tissue, Appellant petitioned the court below to enjoin prison officials from refusing to furnish sufficient writing paper to enable prisoners to write writs and other legal documents. The district court denied relief without holding an evidentiary hearing. Its findings and conclusion are supported by the Appellee's response, by applicable prison regulations and by affidavits of prison officials, all of which show without dispute that 10 sheets of white bond paper per day were available to petitioner.

█ This court will not interfere with the internal operation and administration of prison systems except in exceptional cases where prison authorities have abused the wide discretion allowed them in their treatment of prisoners. Diehl v. Wainwright, 419 F.2d 1309 (5th Cir. 1969); Roy v. Wainwright, 418 F.2d 231 (5th Cir. 1969); Granville v. Hunt, 411 F.2d 9 (5th Cir. 1969). That prison authorities limited the amount of paper allowed a prisoner to 10 sheets per day is certainly no abuse of this discretion.

█ In his brief in this court petitioner seeks to add to the complaint made below that prison officials censored his "court papers", refused to acknowledge and date copies for his files and failed to properly or promptly file such papers in a prior proceeding. We will not notice matters which were not presented

Lawrence Doyle Conklin, pro se.

Earl Faircloth, Atty. Gen. of Florida, James McGuirk, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify

the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969), and Huth v. Southern Pacific Company, 417 F.2d 526, Part I (5th Cir. 1969).

to the district court except to prevent a miscarriage of justice. Petitioner cannot try one case below and another on appeal. American Surety Company of New York v. Coblentz, 381 F.2d 185, 189 Footnote 5 (5th Cir. 1967).

The judgment below is affirmed.

Affirmed.