Doyle D. ROYAL, Petitioner-Appellant,

v.

J. J. CLARK, Warden, U. S. Penitentiary, Atlanta, Georgia, Respondent-Appellee.

No. 71–1820

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 2, 1971.

Doyle D. Royal, pro se.

John W. Stokes, Jr., U. S. Atty., E. Ray Taylor, Jr., Atlanta, Ga., for respondent-appellee.

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

Before COLEMAN, SIMPSON, and MORGAN, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the District Court denying the petition of a federal prisoner for the writ of habeas corpus. We affirm.

Appellant, an inmate in the federal penitentiary in Atlanta, Georgia, has been confined in administrative segregation for over two years. He alleged that such confinement constitutes cruel and unusual punishment. The government's response included copies of appellant's prison record, supported by affidavits showing that while confined with the general prison population appellant was involved in a gambling ring, drug use, rioting, two homicides, threatening prison officers, possession of weapons, and destroying his cell. He is categorized by prison officials as a vicious individual whose segregation is required to ensure the safety of inmates and prison employees.

The response also showed that inmates in administrative segregation receive the same diet as the general prison population, are allowed to make purchases from the commissary and to participate in educational programs, receive reading materials, and have the same mail privileges. Appellant's exercise privileges are limited because it is necessary to have several officers present when he is taken from his cell due to his violent nature, and because he must be taken to the exercise yard when it is otherwise vacant.

■■ The District Court found from the record that under the circumstances, appellant's confinement in segregation was not an abuse of discretion. We perceive no clear error in the District Court's findings of fact and no error in its application of the law. Federal Courts will not interfere in the administration of prisons absent an abuse of the wide discretion allowed prison officials

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

in maintaining order and discipline, Krist v. Smith, 5 Cir., 1971, 439 F.2d 146; Haggerty v. Wainwright, 5 Cir., 1970, 427 F.2d 1137; Conklin v. Wainwright, 5 Cir., 1970, 424 F.2d 516, cert. denied 400 U.S. 965, 91 S.Ct. 376, 27 L. Ed.2d 385; Graham v. Willingham, 10 Cir., 1967, 384 F.2d 367.

The judgment of the District Court is Affirmed.