472 F.2d 713
 Edward R. EVANS, Plaintiff, J. Ray McDermott & Co., Inc. and
Travelers Insurance Company,
Defendants-Third-Party Plaintiffs-Appellants,
v.
TRIPLE R WELDING & OIL FIELD MAINTENANCE CORPORATION,
Third-Party Defendants-Appellees.
 No. 72-2555.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 1, 1973.
 
 John R. Peters, Jr., New Orleans, La., for defendants-third party plaintiffs-appellants.
 Julian P. Brignac, Donald M. Pierce, Donald V. Organ, New Orleans, La., for third party defendants-appellees.
 Before GOLDBERG, AINSWORTH and INGRAHAM, Circuit Judges.
 AINSWORTH, Circuit Judge:
 
 
 1
 In this original three-party suit there remains for decision only the question of the right of indemnity of defendants-third party plaintiffs against Triple R Welding & Oil Field Maintenance Corporation for breach of the warranty of workmanlike performance. The District Court denied the demand but we reverse.
 
 
 2
 The complaint was brought by Edward R. Evans for damages for physical injuries suffered while working on an alleged unseaworthy barge owned pro hac vice by defendant J. Ray McDermott & Company, Inc. Evans, a welder, was an employee of third party defendant Triple R Welding and had been furnished to McDermott under a blanket subcontractor's agreement in writing between McDermott and Triple R. McDermott settled Evans' claim for damages and then sought indemnity against Triple R "under the written agreement and/or under the implied obligation to perform work in a careful, prudent and workmanlike manner."
 
 
 3
 It is noted that the agreement specified that the subcontractor Triple R would complete all work covered by the contract "in a good and workmanlike manner."[1] It also provided that the subcontractor would "indemnify and hold harmless McDermott . . . against all claims, demands or causes of action based on personal injury . . . ."[2]
 
 
 4
 The District Judge pointed out in his reasons for judgment that "On submission of the case McDermott limited its claim for recovery to implied indemnity for breach of an implied warranty of workmanlike performance." Apparently this was done because McDermott felt this was the best way to recover against Triple R's insurance indemnity carrier. McDermott's legal theory was grounded on the Supreme Court's holding in Ryan Stevedor. Co., Inc. v. Pan-Atlantic Steam. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956), which permitted a shipowner to recover on an implied warranty of workmanlike performance against a stevedore employed to unload the ship, for damages paid by the shipowner to a longshoreman employee of the stevedore.
 
 
 5
 After reviewing the evidence in the case, which was submitted on depositions, medical reports and affidavits, the District Judge concluded that McDermott was in fact liable to Evans for damages for the personal injuries he sustained while working aboard the McDermott barge, because of the unseaworthiness of the vessel, and that the settlement which McDermott made with Evans was reasonable under the circumstances. The District Court also found, however, that Evans' own negligence contributed to his injuries and that Evans' negligence resulted in a breach of the duty of Triple R under its contract with McDermott to perform in a workmanlike manner. The District Court also concluded, and we agree, that Evans was not a borrowed servant of McDermott, citing Standard Oil v. Anderson, 212 U.S. 215, 29 S.Ct. 252, 53 L.Ed. 480 (1909), and Ruiz v. Shell Oil Company, 5 Cir., 1969, 413 F.2d 310. Indemnity, however, was denied because the Court disagreed with the theory advanced by McDermott that it was entitled thereto under an implied warranty of workmanlike performance, the Court relying on the Second Circuit's holding in D'Agosta v. Royal Netherlands Steamship Co., 2 Cir., 1962, 301 F.2d 105;[3] Roselli v. Shell Oil Company, E.D.La., 1968, 293 F.Supp. 1395; and Benton v. United States, D.Md., 1970, 314 F.Supp. 392.
 
 
 6
 The District Court held that where, as here, there was a written contract between McDermott and Triple R covering the warranty of workmanlike performance, the express contract provisions governed and implied warranty was not authorized, there being in the view of the District Judge only one warranty-to perform in a workmanlike manner-and in this case that warranty having been expressly stated in the contract would not be implied.
 
 
 7
 On appeal appellant McDermott (and its insurance carrier) has reiterated its contention that it was entitled to a judgment for indemnity under the implied warranty of workmanlike performance developed in Ryan Stevedor. Co., supra. However, at oral argument and by supplemental memorandum filed after argument, counsel for appellants states:
 
 
 8
 "Perhaps through insufficient articulation this Court as well as the Trial Court have been misled. McDermott does not seek relief contrary to the contract. However, Paragraph VIII of the contract, appearing in the brief, applies to the concept of negligence and fault. As pointed out by the Supreme Court in Italia Societia v. Oregon Stevedoring Company, 376 U.S. 315 [84 S.Ct. 748, 11 L.Ed.2d 732] (1964) the warranty of workmanlike performance is an absolute warranty without regard for fault. It is the breach of this obligation for which indemnity is herein sought.
 
 
 9
 "McDermott freely admits this obligation flows out of the contractual relationship and if this Honorable Court feels it is embodied in Paragraph III of the contract as a warranty, then McDermott would agree that the release sought is for a breach of the warranty embodied in Paragraph III as is embodied in all such contracts as a matter of law unless specifically disavowed. The distinction sought by McDermott is that relief be granted for a breach of the warranty of a workmanlike performance either implied in the contract and/or as stated in Paragraph III and not under the negligence clause which it felt not applicable to the circumstances at bar."
 
 
 10
 It is apparent that appellants have changed their legal theory. Had they asserted a request for judgment of indemnity based on the express provisions of the written contract, they would undoubtedly have prevailed in the District Court. All of the evidence pertaining to the case is in the record, including the contract between McDermott and Triple R, and there is no failure therefore to have adequate evidence before the Court. However, it is clear from the District Judge's findings of fact, which we approve, that McDermott is entitled to indemnity for breach of the warranty of workmanlike performance against Triple R, but under the express provisions of its contract and not under a theory of implied warranty. See D'Agosta v. Royal Netherlands Steamship Co., supra, 301 F.2d at 107, where indemnity was granted by the appellate court under an express indemnity clause in a contract between a shipowner and stevedore though the indemnity provision had not been pleaded in the third party complaint by the shipowner against the stevedore. The Court held that the rules of pleading in admiralty are exceedingly liberal, allowing the Court to grant appropriate relief even though the case was not properly stated in the pleadings.
 
 
 11
 Ordinarily as a reviewing court we do not consider an issue raised for the first time on appeal except where, as here, a pure question of law is involved and a refusal to consider it would result in a miscarriage of justice. See D. H. Overmyer Co. v. Loflin, 5 Cir., 1971, 440 F.2d 1213, 1215; Delancey v. Motichek Towing Service, Inc., 5 Cir., 1970, 427 F.2d 897, 901; American Surety Company of New York v. Coblentz, 5 Cir., 1967, 381 F.2d 185, 189 n. 5; In re Elmore, 1967, 127 U.S.App.D.C. 176, 382 F.2d 125, 127. In Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941), the Supreme Court said in this regard:
 
 
 12
 "There may always be exceptional cases or particular circumstances which will prompt a reviewing or appellate court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court or administrative agency below. See Blair v. Oesterlein Machine Co., 275 U.S. 220, 225, 48 S.Ct. 87,88, 72 L.Ed. 249."
 
 
 13
 We hold that this is the exceptional case and that a miscarriage of justice would occur were we not to grant judgment for appellants for indemnity under the express warranty in the written contract with Triple R. The issue is so clear cut that we can avoid it by applying the general rule ordinarily applicable in reviewing decisions of district courts.
 
 
 14
 Reversed.
 
 
 
 [1]
 The pertinent provision of the subcontract reads as follows:
 "III. Subcontractor agrees to commence and to press with due diligence until completion all work covered hereby, in a good and workmanlike manner with the labor, tools, machinery, equipment and supervision necessary or reasonably required therefor, to be furnished by Subcontractor, unless McDermott and Subcontractor agree, prior to the commencement of said work, that certain items thereof will be furnished by McDermott or a third party."
 
 
 [2]
 The pertinent provision of the subcontract reads as follows:
 "VIII A. Subcontractor hereby agrees to indemnify and hold harmless McDermott, its employees, officers and agents, against all claims, demands or causes of action based on personal injury or death or property damage or destruction, by all parties whomsoever or whatsoever, including (but without limitation) Subcontractor and its employees, officers and agents, McDermott's employees, officers and agents, and all third parties, arising out of or in any way related to the performance by Subcontractor of any work covered hereby or the failure of Subcontractor to so perform, regardless of whether any such injury or damage or loss is caused by the negligence or fault of Subcontractor or its employees, officers or agents or of a third party of an Act of God; the sole and only exclusion from this obligation of indemnity shall be personal injury or death or property damage or destruction caused wholly, entirely and proximately by the negligence or fault of McDermott or its employees, officers or agents."
 
 
 [3]
 In D'Agosta the Court said,
 "We agree with appellant that an action on an implied warranty cannot be maintained in this case because of the existence of the express indemnity provision."
 Id. at 107.