92 So.2d 608 (1957)
Vesper Price O'BRIEN, Appellant,
v.
Trevor C. HOWELL, First National Bank in Palm Beach, and Bank of Palm Beach and Trust Company, Appellees.
Supreme Court of Florida. En Banc.
January 4, 1957.
Rehearing Denied March 7, 1957.
*609 Caldwell, Pacetti, Robinson & Foster and Paty, Downey & Paty, West Palm Beach, for appellant.
Coe, Richardson & Broberg, Palm Beach, and Warwick, Paul & Warwick, West Palm Beach, for appellee.
DREW, Chief Justice.
Appellee claimed below, in a garnishment action, that a judgment which was the basis of appellant's claim had been discharged in a bankruptcy proceeding. The trial court agreed.
The issue below, and on appeal, is whether the judgment was within the exception provided by the Bankruptcy Act, 11 U.S.C.A. § 35, sub. a(2):
"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, * * * except such as * * * (2) are liabilities for * * * willful and malicious injuries to the person * * * of another, * * *."
The judgment involved in the garnishment action was entered in an action alleging assault and battery, wherein the appellant [plaintiff in that case] sought both compensatory and punitive damages. The appellee [defendant in that case] answered with a general denial, and a defense that his acts at the time involved in the claim were simply to "take the plaintiff by the arm and without excessive use of force" escort her from appellee's home after she had been discharged from his employ and refused to leave upon request. There was a general verdict with judgment for the appellant.
Appellee relies heavily upon a contention that since the trial judge charged the jury to ignore punitive damages, no "willful and malicious injuries" could have been proved.
It is quite true that courts have discussed punitive damages as being based upon so-called "actual malice." Winn & Lovett Grocery Co. v. Archer, 1936, 126 Fla. 308, 171 So. 214, 221. A careful consideration of these cases reveals that the effort of the court was directed toward delineating acts which because of their moral turpitude indicate that it would be proper to charge a sum of money against the defendant by "way of punishment or example as a deterrent to others inclined to commit similar wrongs." There is no need to go into an extended discussion of the word "malice" or its adjective "malicious" which have had a lengthy career in the law. See for example, Holmes, The Common Law, (Boston 1881) pp. 138-145.
Since the interpretation of a federal act is involved, the interpretation placed upon the above quoted language by the Supreme Court of the United States is controlling. All of the Federal cases since 1903 which have turned on this clause have quoted, *610 or used paraphrases, of one part or another of the opinion in Tinker v. Colwell, 1903, 193 U.S. 473, 24 S.Ct. 505, 508, 48 L.Ed. 754.
Tinker v. Colwell, supra, held that "malicious" referred to malice in its legal sense, quoting from Bromage v. Prosser, 4 Barn. & C. 247, to define "malice":
"`Malice, in common acceptation, means ill will against a person; but in its legal sense it means a wrongful act, done intentionally, without just cause or excuse. * * * It equally works an injury, whether I meant to produce an injury or not * * *.'"
Cf. the use of this same language to define "malice" in Stetson University v. Hunt, 1924, 88 Fla. 510, 102 So. 637, 639.
A "willful" act, in the sense of "intentional and voluntary" was all that was required by Justice Peckham's opinion. We, therefore, can paraphrase the statute as exempting a claim based on a wrongful act, done intentionally and voluntarily, without just cause or excuse.
As partially defined in the charge of the trial judge in the case in which the judgment was entered: "An assault is a demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present" and "A battery is the unlawful use of force or violence on the person of another or any unlawful beating, or other wrongful physical violence or constraint inflicted on a person without his consent." The jury, therefore, must have found the commission of an "intentional" act within the federal rule outlined above. There was no issue of negligence involved in the case. The appellee could not have been adjudged guilty if he had not over-stepped the bounds of his privilege as set out in the affirmative defense even if the jury chose to believe the facts which would otherwise have created the privilege, because the trial judge charged: "If the alleged assault and battery in this case took place and was entirely the result of the defendants' use of no more force than was necessary to remove the plaintiff then they are not liable and you must bring in a verdict of not guilty."
The acts which were the basis for the judgment in the garnishment action fall within the exemption provided in the bankruptcy act recited above.
Reversed.
TERRELL, THOMAS, HOBSON and O'CONNELL, JJ., concur.
ROBERTS and THORNAL, JJ., dissent.
THOMAS, Justice (agreeing with DREW, Chief Justice).
How one person could demonstrate an unlawful intent to inflict injury on another (assault) and unlawfully use force against such person, or physical violence, (battery) and injure such person to the amount of $15,000 and not be said to have acted willfully or maliciously I cannot comprehend.
ROBERTS, Justice (dissenting).
This is an appeal from an order of the lower court dissolving a writ of garnishment on the ground that the judgment upon which the writ was based had been discharged in bankruptcy.
The judgment in question was entered in a suit for damages for assault and battery arising out of the defendant's action in ejecting the plaintiff, a discharged employee, from his home. In ruling on the defendant's motion to dissolve the garnishment writ, the trial judge reviewed the entire record of the proceedings in which the judgment was entered and found that, in ejecting the plaintiff from his premises as he had a right to do, the defendant "did use excessive force, which resulted in injuries to the plaintiff, on which the verdict and judgment here was based", but that the defendant "intended no harm, nor did he *611 act in anger or in utter disregard of the rights of the plaintiff or from any malicious or improper motive." He concluded that the verdict of the jury was predicated upon a simple assault and that the judgment debt "was not `for willful and malicious injuries' to the plaintiff." The plaintiff-judgment creditor has appealed from the order dissolving the writ of garnishment.
While the plaintiff assigned as error the findings of the trial judge, quoted above, these assignments of error have apparently been waived, since her argument here is directly solely to the proposition that a judgment based on a charge of assault and battery is, per se, a "willful and malicious" injury within the meaning of Section 17, sub. a(2) of the Bankruptcy Act, 11 U.S.C.A. § 35, sub. a(2), providing that "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, * * * except such as * * * (2) are liabilities for * * * willful and malicious injuries to the person or property of another, * * *." We do not agree.
Since the decision of the United States Supreme Court in Tinker v. Colwell, 1903, 193 U.S. 473, 24 S.Ct. 505, 509, 48 L.Ed. 754, it is settled that "willful and malicious injuries", within the meaning of the Act, are not confined to those accompanied by particular and personal malice toward the person injured and without which an action to recover for such injuries could not be maintained. "A wilful disregard of what one knows to be his duty, an act which is against good morals, and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done wilfully and maliciously, so as to come within the exception." Tinker v. Colwell, supra. The rule as stated in 1 Collier on Bankruptcy, Sec. 17.17, is that "a wrongful act done intentionally, which necessarily produces harm and is without just cause and excuse, may constitute a willful and malicious injury."
Accordingly, in those states in which an action for assault and battery can be maintained only upon a showing of willful and malicious injury, it is held that a judgment for plaintiff in such an action is conclusive evidence of a liability for a "willful and malicious injury" within the meaning of the Bankruptcy Act. Cf. In re Wernecke, D.C.N.Y. 1932, 1 F. Supp. 127; Thibodeau v. Martin, 140 Me. 179, 35 A.2d 653. But in those jurisdictions where the tort of assault does not necessarily import the presence of willful and malicious wrong, it is proper to inquire into the character of the act forming the basis of the judgment to determine whether it was "willful and malicious", since a general judgment or verdict does not necessarily require a finding of willful and malicious injury. Cf. In re De Lauro, D.C. Conn. 1932, 1 F. Supp. 678; In re Drowne, D.C.R.I. 1954, 124 F. Supp. 842.
In this state, compensatory damages may be recovered in an action for assault and battery even though the tort was committed by mistake in the bona fide assertion of a supposed right and without any element of malicious motive or wrong intention. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 221, 222; C.I.T. Corporation v. Brewer, 146 Fla. 247, 200 So. 910.
And, in the instant case, the verdict of the jury finding for the plaintiff in the assault and battery suit was entered upon an instruction, among others, that "If the assault and battery took place and was a result of the defendant's using more force than reasonably necessary in order to eject the plaintiff then the defendants would be liable and the plaintiff would be entitled to a verdict against one defendant or both defendants." In reviewing the entire record of the assault and battery suit (which is not before this court) the trial judge in the garnishment proceedings found that the verdict of the jury was based upon the use of excessive force in the exercise of a lawful right, but that defendant "intended no harm, nor did he act in anger or in utter disregard of the rights of the plaintiff or from any malicious or improper motive."
Since, in this state, a verdict for plaintiff in a suit for an alleged assault and battery *612 does not necessarily import the presence of a willful and malicious wrong, the trial judge did not err in examining the record in the assault suit to determine the nature of the act there relied upon as the basis for the charge. Cf. In re Levitan, D.C.N.J. 1915, 224 F. 241; McClellan v. Schmidt, D.C.N.J. 1916, 235 F. 986. No error having been made to appear as to the correctness of his findings in that respect, the writ of garnishment was properly dissolved.
I would affirm the judgment of the lower court.
THORNAL, J., concurs.