139 So.2d 913 (1962)
William B. WRIGHT, Appellant,
v.
The FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellee.
No. D-91.
District Court of Appeal of Florida. First District.
April 17, 1962.
Carl G. Swanson and Evan T. Evans, Jacksonville, for appellant.
Botts, Mahoney, Whitehead, Ramsaur & Hadlow, Jacksonville, for appellee.
WIGGINTON, Judge.
Appellant, defendant in the trial court, has appealed from a summary judgment in favor of plaintiff. It is contended that the pleadings, answers to interrogatories and admissions on file in the cause reveal disputed issues of material facts which may be resolved only by trial, and that the court erred in entering the judgment appealed.
This case involves the Fidelity and Casualty Company of New York, which will be hereinafter referred to as Surety. Also involved is William B. Wright Contracting Company, a corporation, which will be referred to as the Company. The remaining principal party is William B. Wright, who will be referred to in his individual capacity.
The amended complaint alleges that the Company entered into a written contract *914 with one Duval to construct a swimming pool at a stipulated price. A copy of the contract is attached to the complaint and contains a warranty clause whereby it is agreed that the Company warrants all materials used in the installation contracted for, and that the construction will be done in a workmanlike manner; that if substantial defects occur in the workmanship, they will be remedied without cost to the owner if written notice thereof is given the Company within one year after the performance of the work. The complaint avers that incidental to the contract the Company secured from the Surety a performance bond whereby the latter guaranteed performance of the work specified by the contract. It is alleged that simultaneously with the issuance of the performance bond the Surety demanded of and received from the Company and Wright a joint indemnity agreement, a copy of which is attached to the complaint and in substance provides that the indemnitors will indemnify the Surety from all claims, demands and losses that the Company shall or may sustain by reason or in consequence of the performance bond issued by it.
It is alleged that on January 2, 1958, the Company completed construction of the swimming pool and was paid in full the agreed contract price; that within one year following completion of the work defects in the construction of the swimming pool appeared, which defects consisted of failure of the filter system to perform adequately, and portions of the wall and floor of the pool cracked and broke. It is alleged that these defects came within the warranty clause of the contract and although called upon to cure the defects, the Company and Wright failed and refused to do so. It is alleged that inasmuch as the Surety had guaranteed performance of the work under the terms of its performance bond, it proceeded to cure such defects at a cost of $3,900. The complaint alleges that the Surety instituted suit against the Company for recovery of the amount of money expended by it in remedying the defects mentioned above, and upon the Company's failure to appear or defend the action recovered a default and final judgment against it in the sum of $4,415.90. It is alleged that Wright was notified of the procurement of such judgment against the Company, but has refused to satisfy it in accordance with the terms of the indemnity agreement signed by him. Judgment was prayed in the amount of the judgment formerly recovered against the Company, together with attorney's fees and costs.
Wright answered the complaint denying that the defects alleged in the complaint came within the warranty clause of the contract; denied such defects occurred within one year after performance of the work under the contract was completed; and denied that notice in writing of the defects was given to the Company within one year from completion of the work as required by the warranty clause of the contract. The answer further denied that the Surety was liable under the terms and provisions of its performance bond for breach of warranty, nor was it obligated to expend any sums in curing any alleged defects which may occur.
The Surety's entitlement to recovery against Wright depends upon proof of the facts relating to the material issues made by the pleadings.
There is no proof in the record now before this court that the alleged defects within the warranty clause of the contract occurred, and written notice thereof was given to the Company, within one year after performance of the work was completed. The contract attached to the complaint is dated May 12, 1957. The answers to interrogatories establish that written notice of the alleged defects was given by Duval to the Company on October 31, 1958. Although the complaint alleges that work under the contract was completed on January 2, 1958, no proof of this fact appears in the record. Before the Company could be held liable for breach of warranty under the terms of the contract, it would have to *915 be established by competent proof that written notice of the defects was given to the Company within one year from the date the work was completed. In the absence of such proof it cannot be held as a matter of law that any liability was imposed on the contractor because of his failure to cure the alleged defects under the warranty clause of the contract.
Even if the record revealed that there had been a breach of warranty by the contractor because of its failure to cure the alleged defects in accordance with the warranty clause of the contract, there is no proof in the record that the Surety was obligated under the terms and provisions of its performance bond to cure the defects or answer in damages for breach of the warranty by the contractor. The performance bond was not attached to the complaint, nor was it incorporated in the record at the time the summary judgment was entered. Before the Surety can recover, it would have to establish as a matter of law that it was obligated under the terms of its performance bond to pay out the money expended by it in curing the alleged defects which occurred in the construction of the swimming pool. If it was not so obligated under the terms of its bond, then any sums expended by it for that purpose would have been as a mere volunteer for which liability could not be imposed either on the contractor or on the indemnitors under the terms of the indemnity agreement given by them.
The Surety contends that the judgment recovered by it against the contracting company is conclusively binding on Wright in respect to all questions of liability under the indemnity agreement because Wright had knowledge of the institution of that suit and an opportunity to defend against the claim asserted therein. It is the Surety's position that Wright is now estopped to assert any defenses which he may have against liability under the indemnity agreement. For support of this position the Surety relies upon the generally accepted rule of law that where an indemnitor has notice of a suit against his indemnitee, and is afforded an opportunity to appear and defend, a judgment therein rendered against the indemnitee, if without fraud or collusion, is conclusive against the indemnitor as to all material questions therein determined.[1] The foregoing rule has no application to this case. Here there has been no suit against the indemnitee-surety resulting in a judgment against it of which the indemnitor Wright had notice and an opportunity to defend. The suit involved herein was by the indemnitee against Wright's co-indemnitor, the Company. Even though Wright may have had notice of the institution of that suit, he was not made a party thereto. The judgment rendered in favor of indemnitee Surety against Wright's co-indemnitor is not conclusive against Wright as to his liability under the joint indemnity agreement.
Since the question has not been raised on this appeal, we pretermit any discussion as to whether the Surety's election to proceed against and recover from the Company a judgment for the full amount of its loss under the joint and several indemnity agreement estops it from now seeking recovery from the co-indemnitor Wright for a like amount on the same obligation
For the reasons hereinabove stated it must be held that the trial court erred in rendering summary judgment in favor of appellee surety on the basis of the pleadings, answers to interrogatories and admissions on file in this cause. The summary judgment is accordingly reversed and the cause remanded for further proceedings.
Reversed.
CARROLL, DONALD K., Chief Judge, and RAWLS, J., concur.
NOTES
[1] 42 C.J.S. Indemnity § 32, p. 613. Also Lake County, for Use and Benefit of Baxley, v. Massachusetts Bonding & Insurance Co., (C.C.A.5th), 75 F.2d 6, 8.