183 So.2d 605 (1966)
AMERICAN FIRE AND CASUALTY COMPANY, Appellant,
v.
Lee J. BLAINE and Florence Blaine, His Wife, and Ruby Holloway, Appellees.
No. 65-438.
District Court of Appeal of Florida. Third District.
March 1, 1966.
*606 Dean & Adams and Jeanne Heyward, Miami, for appellant.
Martin Lemlich, Miami, for appellees.
Before TILLMAN PEARSON, CARROLL and BARKDULL, JJ.
BARKDULL, Judge.
This is an appeal by a garnishee from a summary judgment in favor of the original plaintiff.
From the record on appeal, it appears that the original defendant in the trial court was charged with negligence and intentional tort, causing personal injury to the plaintiff. The appellant, who was the insurer of the defendant, defended with a reservation of right to contest its liability in view of the provisions in the insurance contract.[1] Prior to the cause coming to trial, the count for intentional tort was eliminated from the issues. A jury verdict was returned in favor of the plaintiff and no appeal was taken. Subsequently, the plaintiff instituted garnishment proceedings against the appellant as the insurer of the original defendant. The garnishee answered that it was not indebted to the defendant and denied the allegations contained in the garnishment affidavit. Following motions for summary judgments by the respective parties, the trial court entered the summary judgment in favor of the plaintiff, which is here under review. We reverse.
The appellee contends that all the issues between the insurer and the original defendant were resolved in the main trial, and cites the following as authority: Columbia Casualty Co. v. Hare, 116 Fla. 29, 156 So. 370; Wright v. Fidelity and Casualty Co. of New York, Fla.App. 1962, 139 So.2d 913; Westinghouse Electric Corporation v. J.C. Penney Company, Inc., Fla. App. 1964, 166 So.2d 211. We do not concur with this view, as the issues raised by the pleadings in garnishment go to the exculpatory provisions in the insurance contract, to wit: whether or not the act that injured the plaintiff was an intentional tort. This was not an issue which could have been adversely determined in the trial court, as it was submitted to the jury and it therefore remained open for subsequent proceedings. See: Spadaro v. Palmisano, Fla.App. 1959, 109 So.2d 418; Manthey v. American Automobile Insurance Co., 127 Conn. 516, 18 A.2d 397; Newman v. Stocker, 161 Md. 552; 157 A. 761; Vaksman v. Zurich General Accident & Liability Ins. Co., 172 Pa.Super. 588, 94 A.2d 186; Travelers Ins. Co. v. Reed Co., Tex.Civ.App. 1939, 135 S.W.2d 611. If the issue of intentional tort had been tried in the case in chief or an issue necessarily included within the negligence count submitted to the jury, then the authorities relied on by the appellee would control. However, it is obvious that the carrier could not litigate the issue of intentional tort while defending its insured on a negligence charge. Therefore, this issue could not have been resolved in the earlier proceeding.
For the reasons above stated, the summary judgment here under review is hereby *607 reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
NOTES
[1] "Exclusions

* * * * * * *
"(c) under coverages E(1) and E(2), to bodily injury or property damage caused intentionally by or at the direction of the insured;".
* * * * * * *