726 So.2d 376 (1999)
CAPITAL ASSURANCE CO., INC., Petitioner,
v.
James R. MARGOLIS, M.D., James R. Margolis, M.D., & Associates, P.A., f/k/a Margolis, Krauthamer & Martin, M.D.'s, P.A., and South Miami Hospital Foundation, Inc., d/b/a/ South Miami Hospital, Respondents.
No. 98-2746
District Court of Appeal of Florida, Third District.
February 10, 1999.
Law Offices of Bohdan Neswiacheny, and Clifford M. Miller, Hollywood, for petitioner.
Cole White & Billbrough, P.A., and G. Bart Billbrough, Miami, for respondent South Miami Hospital Foundation, Inc.
Homer & Bonner, and Jay A. Gayoso, Miami, for respondents James R. Margolis, M.D., and James R. Margolis, M.D., and Associates, P.A.
Before NESBITT, GODERICH, and SHEVIN, JJ.
PER CURIAM.
Capital Assurance Company, Inc., petitioned this court for certiorari to review the trial court's order denying Capital's motion to stay the state court proceedings pending the resolution of related federal proceedings. Capital asserted that denial of the stay was improper because it then faced essentially the same issue in two fora: Did the liability policy it issued to South Miami Hospital (SMH) provide coverage for the lawsuit filed against SMH by Dr. James R. Margolis? We hereby lift the temporary stay we had imposed pending the outcome of this petition and affirm the trial court's denial of Capital's motion to stay.
In 1992, Dr. James R. Margolis and his medical practice, James R. Margolis, M.D., and Associates, sued South Miami Hospital (SMH) in state court, alleging certain intentional acts by SMH personnel relating to the dismissal of Margolis as director of SMH's cardiac catherization laboratory. Capital is the hospital's primary insurance carrier. Another insurer, National Union Fire Insurance Company, is the hospital's excess carrier. The insurers each questioned whether or not its coverage extended to this action by Margolis.
In early 1998, National filed a declaratory judgment action against SMH and Capital in federal court to determine its, and Capital's, *377 obligations for coverage in the Margolis lawsuit under the insurance policies to SMH. The federal diversity action was set for trial on June 24, 1999. Meanwhile, in the state proceeding, Margolis entered a Coblentz agreement[1] with SMH so that a $3 million judgment would be entered against SMH, and SMH would assign its rights under the insurance contracts to Margolis. Thereafter, even though the federal action on coverage was pending, Margolis, solely in his capacity as the assignee/judgment creditor of SMH, sued Capital and National in state court.
In November 1998, on motion of SMH, the federal court issued an order realigning the parties and, as a result, dismissing the case because of lack of diversity jurisdiction.[2] Capital appealed the dismissal.
In the state proceeding, Capital requested a stay pending the final decision on its appeal in the federal proceeding. The circuit court correctly denied the stay. The federal case has been dismissed for lack of diversity jurisdiction. This dismissal, despite the pending appeal by Capital, is a judgment which invokes res judicata. Mere pendency of an appeal does not diminish the effect of the dismissal; therefore, Capital's motion for a stay was properly denied. We therefore deny certiorari, and lift the temporary stay we had imposed while this petition was pending.
NOTES
[1] In a Coblentz agreement, an insured who is denied coverage may consent to an adverse judgment that is collectable against its insurer. See Coblentz v. American Surety Co. of New York, 416 F.2d 1059 (5th Cir.1969).
[2] The federal court found that excess carrier National, a Pennsylvania corporation, and primary carrier Capital, a Florida corporation, should be realigned as parties, to be on the same side of the litigation-i.e., both plaintiffs-with insured SMH, a Florida corporation, as the defendant. Once this was decided, complete diversity was destroyed, as a Florida corporation was on both sides of the controversy. Thus, the court was divested of jurisdiction, and the case was dismissed.