766 So.2d 449 (2000)
Francoeur ALFRED, Appellant,
v.
SECURITY NATIONAL INSURANCE COMPANY, a Florida Corporation, Appellee.
No. 4D00-347.
District Court of Appeal of Florida, Fourth District.
August 30, 2000.
*450 Richard P. Pravato of Law Office of Wolf & Pravato, Fort Lauderdale, for appellant.
Rosemary B. Wilder and Richard A. Sherman of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Frank J. Allocca of Law Office of Allocca and Felder, P.A., Miami, for appellee.
SHAHOOD, J.
On November 23, 1993, appellant sustained injuries as a result of a motor vehicle accident with a vehicle driven by an employee of ATM Towing, Inc. Prior to the accident, appellee, Security National Insurance Company ("Security National"), issued ATM Towing a policy of liability insurance effective June 29, 1993 through June 29, 1994. The policy was issued through a broker and financed through a premium finance company. The policy covered the vehicle involved in the accident.
On September 7, 1993, two months prior to the accident, a "Standard Cancellation Notice" was sent to ATM Towing for nonpayment of premiums with a cancellation date of that same date.
On January 19, 1995, appellant filed a lawsuit against ATM Towing and its driver for negligence. Security National denied coverage for the accident and refused to provide a defense for the towing company on the grounds that the liability insurance policy had been canceled. Appellant and ATM Towing then entered into a "Coblentz[1]" settlement agreement in the amount of $75,000.00. The trial court approved the settlement and final judgment was entered in favor of appellant for $75,000.00 on June 5, 1997.
On June 17, 1997, appellant filed a petition for declaratory relief against Security National to determine Security National's obligations under ATM Towing's policy. Appellant maintained that the policy was in full force and effect at the time of the accident and that Security National was responsible for satisfying the Final Judgment entered against its insured, ATM Towing. Security National answered and claimed that the policy had been properly canceled for nonpayment of premiums prior to the accident, and thus, it had no duty to indemnify or defend ATM Towing.
Appellant moved for summary judgment and argued among other things that pursuant *451 to the notice of cancellation and Broward County Ordinance § 20-176.19, the insurer was required to give notice of the cancellation to the Broward County Consumer Affairs Division (CAD) which it did not do. Thus, the cancellation of insurance was ineffective.
Security National disagreed and claimed that the Ordinance did not provide an affirmative duty on the part of the insurer to provide the Consumer Affairs Division with thirty days' notice. The trial court denied appellant's motion for summary judgment and its subsequent motion for partial summary judgment as to the cancellation issue only.
Security National then moved for summary judgment claiming that it complied with the requirements of section 627.848, Florida Statutes (1993), in canceling the insurance policy due to nonpayment of premiums. The trial court agreed and entered summary judgment in favor of Security National.
Section 627.848(5), Florida Statutes (1993), which governs the cancellation of insurance contracts upon default, states as follows:
All statutory, regulatory, and contractual restrictions providing that the insured may not cancel his insurance contract unless he or the insurer first satisfies such restrictions by giving a prescribed notice to a governmental agency, the insurance carrier, a mortgagee, an individual, or a person designated to receive such notice for such governmental agency, insurance carrier, or individual shall apply when cancellation is effected under the provisions of this section. The insurer, in accordance with such prescribed notice when it is required to give such notice in behalf of itself or the insured, shall give notice to such governmental agency, person, mortgagee, or individual; and it shall determine and calculate the effective date of cancellation from the day it receives the copy of the notice of cancellation from the premium finance company.
(Emphasis supplied).
The "Standard Cancellation Notice" sent to ATM from the premium finance company, provided in part:
If the policy or any statute requires the insurer to give notice to a mortgagee, governmental agency, or other third party before the policy can be canceled, the insurer shall give the prescribed notice in behalf of itself or the insured to any governmental agency, mortgagee or other third party on or before the second business day after the day it receives the notice of cancellation from the premium finance company and shall determine the effective date of cancellation taking into consideration the number of days notice required to complete the cancellation.
It is clear from both the statute and the notice of cancellation that the insurer shall give the prescribed notice in behalf of itself or the insured to any governmental agency if it is required to do so by the policy, statute or regulation.
In this case, Broward County Ordinance, "Towing and Immobilization Company Licensing and Regulating Ordinance of Broward County" was enacted to provide "for and safeguard the life, health, safety, property and welfare of the people, the licensure and regulation" of businesses engaged in towing. Broward County, Fla., Code § 20-176.14. Section 20-176.19(b) requires that all evidence of insurance shall be executed and filed with the Consumer Affairs Division (CAD) by the insurance carrier in a form or forms acceptable to the Broward County Risk Management Division. Section 20-176.19(5)(c) provides that:
The insurance shall be kept in full force and effect by the certificate holder at all times. Failure to file such evidence of insurance with the CAD, or failure to have same in full force and effect, may be cause for the towing license or vehicle *452 immobilization license issued hereunder to be suspended or revoked, which suspension or revocation shall remain in effect until proof of compliance with this section is submitted to the CAD and approved. The insurance shall provide for thirty (30) days' notice by registered or certified mail to the CAD of any material change, cancellation or expiration of the policy.

(Emphasis supplied).
Under subsection (5)(c), the "insurance" shall provide for thirty days' notice to the CAD of any change or cancellation to the policy. Under the plain meaning of the word "insurance" as used in the Ordinance, we must look to the insurance policy itself in order to determine whose duty it was to provide the notice of cancellation to the CAD. In this case, we are unable to review the policy in question since the insurance policy submitted to the trial court was incomplete. Therefore, we must reverse and remand for further proceedings in order for the trial court to determine whether ATM Towing's insurance policy complied with section 20-176.19(5) and whether the insurer had a duty under the policy to provide notice to the CAD prior to the cancellation of the policy.
REVERSED AND REMANDED.
POLEN, J., and GARDINER, ANA I., Associate Judge, concur.
NOTES
[1] See Coblentz v. American Sur. Co. of New York, 416 F.2d 1059 (5th Cir.1969).