[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10925

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 02-00688-CV-T-23-EAJ

PAMELA PERERA, as Personal Representative of the
Estate of Mitchell Kenneth Perera deceased, and
as assignee of Estes Express Lines Corporation,

Plaintiff-Appellant,

versus

UNITED STATES FIDELITY AND
GUARANTY COMPANY, a foreign corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 16, 2010)

Before ANDERSON and MARCUS, Circuit Judges, and ALTONAGA,* District
Judge.

_____

    *    Honorable Cecilia M. Altonaga, United States District Judge for the Southern
District of Florida, sitting by designation.

PER CURIAM:

This case returns to us after we certified two questions to the Florida Supreme Court regarding its law of bad faith in the insurance context. Perera v. U.S. Fid. & Guar. Co., 544 F.3d 1271 (11th Cir. 2008). The Florida Supreme Court has rephrased our questions and answered in the negative. Perera v. U.S. Fid. & Guar. Co., __ So.3d__, No. SC08-1968 (Fla. May 6, 2010).

For background information on this case, we refer the reader to our previous opinion, Perera v. U.S. Fid. & Guar. Co., 544 F.3d 1271 (11th Cir. 2008). In that case, we certified the following questions:

1. CAN A CAUSE OF ACTION FOR BAD FAITH AGAINST AN INSURER BE MAINTAINED WHEN THERE IS NOT AN EXCESS JUDGMENT AGAINST THE INSURED?

2. EVEN IF AN EXCESS JUDGMENT IS NOT ALWAYS REQUIRED, CAN A CAUSE OF ACTION FOR BAD FAITH AGAINST AN INSURER BE MAINTAINED WHEN THE INSURER'S ACTIONS NEVER RESULTED IN INCREASED EXPOSURE ON THE PART OF THE INSURED TO LIABILITY IN EXCESS OF THE POLICY LIMITS OF INSURED'S POLICIES?

The Florida Supreme Court rephrased our questions to one question:

MAY A CAUSE OF ACTION FOR THIRD-PARTY BAD FAITH AGAINST AN INDEMNITY INSURER BE MAINTAINED WHEN THE INSURER'S ACTIONS WERE NOT A CAUSE OF THE DAMAGES TO THE INSURED OR WHEN THE INSURER'S ACTIONS NEVER RESULTED IN EXPOSURE TO LIABILITY IN

2

EXCESS OF THE POLICY LIMITS OF THE INSURED'S POLICIES?

Perera, __ So.3d at ___. In answering the question in the negative, the court first held that there was no excess judgment because the consent judgment was within the limits of all applicable policies. Id. at ___. In so doing, it rejected Perera's argument that the amount at issue was an excess judgment because it was in excess of Estes' primary policy limits; rather, the court explained, an excess judgment is the difference between all available insurance coverage and the amount of the judgment. Id. Second, the court reasoned that this was not an instance involving a Cunningham[1] agreement where the insurer had agreed to protect the insured by trying the bad faith issues first and stipulating to an amount of damages. Id. Third, it rejected Perera's argument that the rationale in Coblentz v. American Surety Co. of New York, 416 F.2d 1059 (5th Cir. 1969), applied to the facts in this case. Perrera, __ So.3d at __. Additionally, the court rejected Perera's argument regarding equitable subrogation, noting that insurer Chubb did not assign to Perera its potential cause of action against Appellee by virtue of equitable subrogation, and that under the terms of Perera's agreement with Chubb, Perera released Chubb from any further liability. Id. Finally, the court rejected Perera's reliance on North

---

[1]     Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179 (Fla. 1994).

American Van Lines v. Lexington Insurance Co., 678 So.2d 1325 (Fla. Dist. Ct. App. 1996), because unlike the situation in North American, Estes did not face the "near certainty of a large judgment against it, exceeding all available coverage." Perrera, __ So.3d at __.  Additionally, Estes did not pay funds that it would not have been obligated to pay had Appellee acted in good faith.  Id.  The court concluded that "there must be a casual connection between the damages claimed and the insurer's bad faith" and none existed on the facts here.  Id.

We have received the Florida Supreme Court's answer.  Implementing the decision of the Florida Supreme Court, we now affirm the district court's grant of summary judgment to Appellee.

**AFFIRMED.**