[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  11-15246
_____

D.C. Docket No. 2:07-cv-00258-CEH-SPC

MID-CONTINENT CASUALTY COMPANY,

Plaintiff - Appellee
Counter - Defendant,

versus

AMERICAN PRIDE BUILDING COMPANY,
LLC, a Florida limited liability company,
AMERICAN PRIDE BUILDING CO., LLC,
a Florida limited liability company,
AMERICAN PRIDE BUILDER, LLC,
a Florida limited liability company,
GROFF CONSTRUCTION, INC.,
a Florida corporation,

Defendants - Appellants
Counter - Claimant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 22, 2013)

Before DUBINA, JORDAN, and BALDOCK,[*] Circuit Judges.

PER CURIAM:

Following oral argument and a review of the record, and for the reasons which follow, we affirm.

This case arises from a dispute between a homebuilder, American Pride, and its insurer, Mid-Continent.  In May 2006, Groff Construction sued American Pride, alleging that American Pride had infringed its copyrighted home designs and building plans.  Mid-Continent defended American Pride pursuant to a full reservation of rights for over a year, and eventually filed this declaratory action against American Pride, alleging that it had no duty to defend or indemnify American Pride against Groff Construction's copyright claims.  Shortly thereafter, American Pride entered into a consent judgment with Groff Construction for $1.7 million, under which it was protected from all liability.  *See Coblentz v. Am. Surety Co.*, 416 F.2d 1059, 1062-63 (5th Cir. 1969); *Chomat v. Northern Ins. Co.*, 919 So. 2d. 535, 537 (Fla. 3rd DCA 2006).  Settlement agreements between a claimant and an insured, when the insurer rejects coverage and refuses to indemnify, have become known as *Coblentz* agreements after the Fifth Circuit's decision in 1969.

The district court granted summary judgment to Mid Continent on its lack of cooperation claim against American Pride.  On appeal, we reversed and remanded

---

[*] Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

for further proceedings, finding genuine issues of material facts as to whether American Pride informed Mid-Continent of its proposed settlement agreement and settled the underlying litigation after properly rejecting Mid-Continent's conditional defense. *See Mid-Continent Casualty Co. v. Am. Pride Bldg. Co., LLC*, 601 F.3d 1143 (11th Cir. 2010).

After trial, the jury answered "no" to the question of whether the settlement "was reasonable in amount and not tainted by bad faith, fraud, collusion or without any effort to minimize liability." Doc. 191 at 2. Accordingly, the district court entered judgment in favor of Mid-Continent, finding the consent judgment unenforceable under Florida law.

We begin by addressing the central and dispositive issue raised by American Pride on appeal: the propriety of the jury instructions and verdict form. "We will reverse a refusal to give a requested instruction only if: (1) the requested instruction correctly stated the law, (2) the instruction dealt with an issue properly before the jury, and (3) the failure to give the instruction resulted in prejudicial harm to the requesting party." *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1350 (11th Cir. 2004) (citation omitted). Because we find that American Pride's requested jury instruction−which separated the issues of reasonableness and bad faith and allowed the jury to determine the reasonable amount of a consent judgment after first finding the amount

3

unreasonable—constitutes an incorrect statement of Florida law, we need not address the other requirements. As we explain, the instructions and interrogatories the district court gave to the jury were correct and complete statements of Florida law, and the requested instruction was not.

American Pride takes issue with, in particular, Jury Instruction No. 3 and Special Verdict Form Interrogatory No. 4. Jury Instruction No. 3 states: "If you decide Defendants [i.e., American Pride] met their burden, Mid-Continent must prove, by the preponderance of the evidence, that the consent judgment was not reasonable in amount *or* tainted by bad faith, fraud, collusion, or without effort to minimize liability." Doc. 190 at 12 (emphasis added). As the district court noted, the Florida courts have definitively spoken on what must be proven to prevent enforcement of a *Coblentz* agreement. *Steil v. Fla. Physicians' Ins. Reciprocal*, 448 So. 2d 589, 592 (Fla. 2d DCA 1984) ("Thus, we hold that in a case such as this, a settlement may not be enforced against the carrier if it is unreasonable in amount *or* tainted by bad faith.") (emphasis added). In light of cases like *Steil*, for an insurer to win, only one of two conditions (i.e., unreasonable settlement or bad faith) must exist. For an insured to prevail, it must have both issues resolved in its favor. *See*, *e.g.*, *Chomat*, 919 So. 2d. at 537. ("Where an injured party wishes to recover under a *Coblenz* agreement, the injured party must bring an action against the insurer and prove coverage, wrongful refusal to defend, and that the settlement

4

was reasonable *and* made in good faith.") (emphasis added).  Jury Instruction No. 3 is an accurate statement of Florida law, and provides no basis for reversal.

Special Verdict Form Interrogatory No. 4 asked the jury to answer the following question: "Do you find the consent judgment entered into by American Pride was reasonable in amount *and* not tainted by bad faith, fraud, collusion or without any effort to minimize liability?"  Doc. 191 at 2 (emphasis added).  The jury answered "no."  As noted above, Florida law could not be clearer as to the elements necessary to enforce a consent judgment.  "Subsequent to the entry of the agreement, the injured party must bring an action against the insurer and prove coverage, wrongful refusal to defend, and that the settlement was reasonable *and* made in good faith." *Quintana v. Barad*, 528 So. 2d 1300, 1301 n.1 (Fla. 3d DCA 1988) (emphasis added).  Special Verdict Form Interrogatory No. 4 is also an accurate statement of Florida law.

Whether addressing what an insurer must prove to prevent enforcement of a consent judgment−an unreasonable amount *or* bad faith−or what an insured must prove to enforce a consent judgment−a reasonable amount *and* the absence of bad faith−the district court's jury instructions and verdict form accurately reflected Florida law.  In Florida, it is, as Mid-Continent contends, an all or nothing proposition.  A consent judgment will only be enforced if both elements are met. *See Quintana*, 528 So. 2d 1300.  If an insurer can prove that either element is

5

unsatisfied, the consent judgment cannot be enforced.  *See Steil*, 448 So. 2d 589.

We also reject American Pride's argument that the jury, even if it found the settlement to be unreasonable, should be allowed to fix a reasonable settlement amount.  Even if this argument made "common sense," as suggested by American Pride, it is not the law in Florida.  American Pride concedes that no court applying Florida law has ever held that after a jury determines that the amount of a consent judgment is unreasonable it is then allowed to determine a lower reasonable amount.  We decline to be the first.

As to the other issues raised on appeal, including the district court's denial of America Pride's motion for judgment as a matter of law on the issue of bad faith and the district court's inclusion of a purportedly inapplicable insurance policy exclusion in the jury instructions, as well as Mid-Continent's renewed motion for judgment as a matter of law as to American Pride's breach of cooperation, we affirm without further discussion.

**AFFIRMED.**