[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11642
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-24176-CMA


JANE DOE,

Plaintiff - Appellant,

versus


HUDSON SPECIALTY INSURANCE COMPANY,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 12, 2018)


Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Jane Doe appeals the district court's decision granting summary judgment in favor of Hudson Specialty Insurance Company (Hudson) in this action regarding the scope of Hudson's duty to defend claims against its insured, Moheb Inc. (Moheb). The district court concluded that, given applicable policy exclusions, Hudson had no duty to defend. We affirm.[1]

## I.  BACKGROUND

This suit arises out of Moheb's operation of its Coconut Grove bar, Mr. Moe's, on the night of July 5, 2014. Jane Doe, then a seventeen year old student at the University of Miami, was in Mr. Moe's with a group of other students who were also under legal drinking age. Moheb's employees provided alcoholic beverages to Doe and the other students without requesting or verifying proof of legal drinking age. Doe became so intoxicated that she was unable to fend off older male students who took Doe to a University dormitory where she was sexually assaulted. Based on these events, Doe sued Moheb for negligence in Miami-Dade County circuit court.

Moheb held a liquor liability insurance policy from Hudson effective August 30, 2013 through August 30, 2014 (the Policy). The Policy provided coverage for

---

[1] We review a district court's grant of summary judgment *de novo*, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party. *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). The interpretation of an insurance contract is a matter of law subject to *de novo* review." *LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1515 (11th Cir. 1997).

liability "imposed upon the insured by reason of selling, serving or giving of any alcoholic beverage at or from the insured premises."  However, the Policy also contained the following exclusion:

> Assault & Battery Exclusion – Absolute
>
> This insurance does not apply to claims arising out of an assault and/or battery, whether caused by or at the instigation of, or at the direction of, or omission by, the insured, and/or his employees.

After receiving notice of the underlying suit, Hudson denied Moheb insurance coverage based, in part, on the Assault & Battery Exclusion.

On May 11, 2016, Doe and Moheb entered into a Stipulation and Agreement for Settlement of Claim and Covenant Not to Sue.  Moheb admitted liability and agreed to the entry of a 3.5 million dollar judgment against itself in the underlying suit.  Doe, in turn, agreed not to execute on the judgment.  Moheb pledged its cooperation in any litigation Doe initiated to recover damages against other entities, including Hudson.

The same day, Doe and Moheb also executed an Agreement for Assignment of Claims under which Moheb assigned and transferred to Doe its rights, claims, and benefits against Hudson and other entities related to the denial of insurance coverage and refusal to defend under the Policy.  Final Consent Judgment was entered for Doe on June 8, 2016.

3

Shortly thereafter, on July 21, 2016, Doe commenced the instant lawsuit against Hudson.  Doe seeks a declaration that Hudson is liable in the amount of the Policy limit, damages, and attorney's fees.  The district court concluded Hudson had no duty to defend and, accordingly, granted summary judgment in Hudson's favor.  Doe appealed.

## II.  ANALYSIS

Under Florida law, an insured may bind its insurer to a reasonable consent judgment for liability against an adverse party if coverage exists and the insurer wrongfully denies coverage and refuses to defend.[2]  *See Coblentz v. Am. Surety Co. of N.Y.*, 416 F.2d 1059, 1063 (5th Cir. 1969).  To recover under a *Coblentz* agreement, a plaintiff must show: (1) the insurer wrongfully refused to defend the insured, (2) the consent judgment is covered under the insurance policy, and (3) the settlement was objectively reasonable and made in good faith.  *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1322 (11th Cir. 2014).

An insurer's duty to defend "depends solely on the allegations in the complaint filed against the insured."  *Trizec Props., Inc. v. Biltmore Const. Co.*, 767 F.2d 810, 811 (11th Cir. 1985) (quotation omitted).  There is no duty to defend if there is no doubt that the allegations of the complaint do not fall within the

[2] "Because federal jurisdiction over this matter is based on diversity, Florida law governs the determination of the issues on appeal." *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004).

4

policy's coverage. *Lawyers Title Ins. Corp. v. JDC (Am.) Corp.*, 52 F.3d 1575, 1580-81 (11th Cir. 1995). The burden of demonstrating that "the allegations of the complaint are cast solely and entirely within the policy exclusion" rests with the insurer. *Hartford Accident and Indem. Co. v. Beaver*, 466 F.3d 1289, 1296 (11th Cir. 2006) (quotation omitted).

Here, the Policy excludes "claims arising out of an assault and/or battery." Under Florida law, the phrase "arising out of" is "broader in meaning than the term 'caused by' and means 'originating from,' 'having its origin in,' 'growing out of,' 'flowing from,' 'incident to,' or 'having a connection with.'" *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 539 (Fla. 2005) (quotation omitted). Proximate cause is not required; instead, the phrase refers to "some causal connection, or relationship" beyond "mere coincidence." *Id.* at 539-40. Doe's Complaint specifically alleges a connection between Doe's intoxication, which resulted from a Moheb employee's negligent distribution of alcoholic beverages, and the sexual assault. Therefore, the district court correctly concluded that "the exclusion's language undeniably captures the actions and omissions alleged here."

Doe contends the district court's decision conflicts with this Court's holding in *Guideone Elite v. Old Cutler Presbyterian Church*, 420 F.3d 1317 (11th Cir. 2005). We disagree. *Guideone* concerned Florida's concurrent cause doctrine, which "permits coverage under an insurance policy when the loss can be attributed

5

to multiple causes, 'as long as one of the causes is an insured risk.'" *Id.* at 1330 (quoting *Am. Surety & Cas. Co. v. Lake Jackson Pizza, Inc.*, 788 So. 2d 1096, 1100 (Fla. 1st DCA 2001)). In *Guideone*, the plaintiff's loss arose out of an incident during which she was raped, kidnapped, battered, falsely imprisoned, and assaulted. 420 F.3d at 1320-22. The policy at issue excluded coverage for injuries "arising out of or resulting from any actual or alleged act of sexual misconduct of any kind." *Id.* at 1328. This Court concluded the loss was covered under the concurrent cause doctrine because "the perils were independent." *Id.* at 1330. "Robbery is not part and parcel to the crime of rape . . . ." *Id.* Here, on the other hand, Doe's Complaint alleges a causal connection between the two forces she now asserts are independent, namely, her intoxication and the sexual assault. The concurrent cause doctrine is, therefore, inapposite.

The doctrine of efficient proximate cause, which is relevant when "the efficient cause—the one that set the other in motion—is the cause to which the loss is attributable," is also inapplicable. *Sebo v. Am. Home Assurance Co.*, 208 So. 3d 694, 697 (Fla. 2016) (quotation omitted). Doe contends the sexual assault, a harm excluded under the Policy, should be covered because it was caused by Doe's intoxication, a harm covered under the Policy. But this Court has declined to apply the doctrine of efficient proximate cause where doing so would render the

6

exclusionary clause a nullity. *See Arawak Aviation, Inc. v. Indem. Ins. Co. of N. Am.*, 285 F.3d 954, 958 (11th Cir. 2002).

Doe asserts the exclusion would remain operative because alcohol is not always antecedent to an assault and battery.  But the Policy, which covers liability "imposed upon the insured by reason of the selling, serving or giving of any alcoholic beverage at or from the insured premises" would be irrelevant if alcohol was not involved.  Alternatively, Doe notes that alcohol may contribute substantially to an assault and battery without being the efficient proximate cause thereof.  This argument, too, is unpersuasive.  The doctrine of efficient proximate cause applies where a covered peril sets an uncovered peril into motion, not vice versa.  *Sebo*, 208 So. 3d at 697.  The Policy covers only one peril: liability related to the sale and distribution of alcohol.

## III.  CONCLUSION

The district court did not err.  Because Hudson had no duty to defend Moheb in the underlying suit, entering summary judgment for Hudson was proper.

**AFFIRMED.**