# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**LARRY D. BUTLER,**
Appellant,

v.

**FLORIDA PENINSULA INSURANCE COMPANY,**
Appellee.

No. 4D20-678

[February 17, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 50-2019-CA-001896-XXXX-MB.

Christopher A. Haddad of The Law Office of Christopher A. Haddad, West Palm Beach, for appellant.

Lara J. Edelstein of Conroy Simberg, Hollywood, for appellee.

PER CURIAM.

Appellant, Larry D. Butler, appeals the trial court's final summary judgment entered in favor of appellee, Florida Peninsula Insurance Company ("the Insurance Company"). Appellant filed suit against the Insurance Company after the insured entered into a *Coblentz*[1] settlement with Appellant, stipulating to a consent judgment and assigning Appellant the right to collect a judgment of $100,000 against the Insurance Company.[2] In the operative complaint, Appellant alleged one count of bad faith against the Insurance Company for denying coverage and its failure

---

[1] *Coblentz v. Am. Sur. Co. of N.Y.*, 416 F.2d 1059 (5th Cir. 1969). "A '*Coblentz* agreement' refers to a negotiated consent judgment 'entered into between an insured and a claimant in order to resolve a lawsuit in which the insurer has denied coverage and declined to defend.'" *Mid-Continent Cas. Co. v. Royal Crane, LLC*, 169 So. 3d 174, 180 (Fla. 4th DCA 2015) (quoting *Bradfield v. Mid–Continent Cas. Co.,* 15 F. Supp. 3d 1253, 1257 n.6 (M.D. Fla. 2014)).

[2] The insured is not a party to this appeal or the suit below.

to defend the insured under the insured's personal injury insurance policy in a separate suit filed by Appellant against the insured. The Insurance Company moved for summary judgment, arguing that Appellant's action was barred by the statute of limitations because the insured, whose claim Appellant had asserted, was required to file an action against the Insurance Company within five years of its denial of coverage and request to defend in the underlying suit. The trial court agreed and granted summary judgment in favor of the Insurance Company.

Appellant raises the same argument on appeal it raised in opposition to summary judgment below: The statute of limitations began to run, not at the time of the Insurance Company refused to cover and to defend, but at the time Appellant's bad faith claim (as the assignee of the insured) became cognizable, which is when damages were fixed by the entry of the agreed judgment based on the *Coblentz* settlement. The Insurance Company concedes the trial court erred as to the statute of limitations issue in granting summary judgment.

After reviewing the record, we agree that the trial court erred in granting summary judgment. We reverse the summary judgment and remand the case for further proceedings.

*Reversed and remanded.*

GROSS, CIKLIN and CONNER, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**